DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1920 AND 1921.

---

### Abbie B. Gill and Louisa Behymer, Appellees, v. Modern Woodmen of America, Appellant.

1. INSURANCE—*what constitutes prima facie case in action on certificate.* In an action on a life benefit certificate, the production in evidence of proofs of death which were furnished to the insurer, together with the policy or benefit certificate, made out a prima facie case and the burden of proof was then on the insurer to establish one or more of the defenses set forth in its special pleas.

2. INSURANCE—*what evidence admissible in action on policy.* In an action on an insurance policy or benefit certificate, the statement of the beneficiary and also the statement of a physician as part of the proofs of death are competent evidence.

3. INSURANCE—*admissibility of newspaper articles as to cause of death.* In an action on a life benefit certificate, a newspaper article as to the cause and circumstances of the death of insured is not properly a part of the proofs in the case.

4. INSURANCE—*what constitutes an admission on part of beneficiary.* The statement of the beneficiary and also of a physician, contained in proofs of death offered in evidence in an action upon a life benefit certificate, do not create an estoppel but are an admission against interest which it is incumbent on the beneficiary to overcome.

5. INSURANCE—*when physician may testify as to statements of insured.* The testimony of a physician as to a statement made by an insured person to him that he was using drugs is admissible in a suit by the beneficiary under a policy of insurance or a benefit certificate.

6. INSURANCE—*when verdict for beneficiary improper where death caused by forbidden acts.* In an action on a benefit certificate which provided that it should be void if insured should become intemperate in the use of drugs or narcotics or if death resulted directly or indirectly from their use, where there was nothing in the record to dispute the evidence of defendant that insured was addicted to the use of drugs and narcotics and that his death was the immediate result of such habit, a verdict for plaintiffs was plainly against the manifest weight of evidence and it was error to refuse a new trial on that ground.

7. INSURANCE—*when instruction on·effect of prohibited conduct by insured erroneous.* In an action on a life benefit certificate, where the defense was that insured was a drug addict and that his death resulted from the intemperate use of narcotics, an instruction that though the jury might believe from the evidence that insured came to his death by his own hand by the use of a drug or narcotic, they would not be justified under the law in returning a verdict for defendant unless they further believed from a preponderance of the evidence that his death was caused directly or indirectly from the intemperate use of such drug or narcotic, does not state a correct principle of law, was misleading and should not have been given.

8. INSURANCE—*when instruction on use of narcotics misleading.* In an action on a benefit certificate, defended on the ground that death resulted from the intemperate use of drugs or narcotics, an instruction that, though the death of insured was caused by his use of drugs or narcotics, the jury would not be justified in returning a verdict against the plaintiff upon that ground unless they further believed from a preponderance of evidence that death was caused, directly or indirectly from his intemperate use of such drugs or narcotics, was misleading and should not have been given, in that it required defendant to prove that insured's use of such drugs or narcotics was intemperate.

9. INSURANCE—*when instruction on purpose of use of drugs by insured improper.* An instruction that if insured was using the drug or narcotic which caused his death for the purpose of relieving pain it would not be an intemperate use was misleading and should not have been given, in an action on a life benefit certificate where the defense was that insured was a drug addict and that his death·resulted from the intemperate use of narcotics.

10. INSURANCE—*who properly joined as plaintiffs in action on*

*policy.* The wife and mother of insured, beneficiaries under his life benefit certificate, were properly joined as plaintiffs in an action on the certificate.

Appeal from the Circuit Court of Wayne county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1920. Reversed and remanded. Opinion filed October 28, 1920.

TRUMAN PLANTZ, GEORGE G. PERRIN and CREIGHTON & THOMAS, for appellant.

MILLS & FORTH, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action of assumpsit was brought against appellant in the circuit court of Wayne county by appellees, beneficiaries in an insurance policy or certificate for $2,000 issued to one Harry A. Gill, since deceased. The declaration consists of the common counts and two special counts. The special counts are, in substance, the same and aver that the company issued its policy to Harry A. Gill, on August 19, 1909, for $2,000; that said insured died July 1, 1918; that proofs of death and claim for benefits were furnished appellant and that appellees were entitled to recover from appellant the face of the policy.

Appellant filed the general issue and five special pleas. The first special plea avers that appellant delivered to the said Harry A. Gill its benefit certificate which was accepted by him and which certificate provided that if said insured should become intemperate in the use of drugs or narcotics, said certificate would become void, and alleged that the insured did become intemperate in the use of drugs or narcotics.

The second and third special pleas allege that the contract sued on provides that if said Gill's death re-

sulted directly or indirectly from his intemperate use of drugs or narcotics, the contract would be void. The second plea alleges his death accrued directly from the use of drugs and narcotics and the third plea alleges that this death indirectly resulted therefrom. The fourth special plea alleges that Gill became and was intemperate in the use of intoxicating liquors and that under said contract it became void. The fifth special plea avers that Gill made application to appellant for said benefit certificate, which application was made a part of his contract, and that in said application the statements made by Gill were warranted by him to be literally true. The plea further avers that said Gill in his said application stated he did not use any form of narcotics or stimulants except tobacco and that he had never taken any treatment for the morphine, cocaine or opium habit. The plea avers that these statements were not true.

Replications were filed to said pleas and issue was joined. A trial was had resulting in a verdict and judgment in favor of appellees for $2,000. To reverse said judgment this appeal is prosecuted.

The principal grounds relied on for a reversal of the judgment in this case are, first, that the verdict is against the manifest weight of the evidence; second, that the court erred in its rulings on the instructions; and third, that the right to recover, if it exists in appellees, is several and not a joint right and that this question was sufficiently raised on the motion in arrest of judgment.

The record discloses in this case that Harry A. Gill, the insured, procured the certificate sued on in this case on August 19, 1909; that he paid all of the premiums or assessments thereon up to the time of his death, which occurred July 1, 1918; that at the time of his death he was 52 years old and that he died without issue. The beneficiaries in the policy are Abbie B. Gill, his widow, and Louisa Behymer, his mother.

Proofs of death were furnished by appellees which were offered in evidence and with the policy or benefit certificate also offered in evidence by appellees made out a prima facie case, and the burden of proof was then on appellant to establish one or more of the defenses set forth in its special pleas.

The evidence on the part of appellant tends to prove that the insured for a great number of years prior to his death and prior to his having applied for and obtaining the certificate in question was addicted to the use of drugs or narcotics; that he had been treated for the same prior to and after having procured the certificate in question and that his death resulted from the use of such drugs. The benefit certificate introduced by appellees provides it will be void if any statements or answers made by the insured in his application are untrue, and that the certificate will be void if the insured became intemperate in the use of drugs and narcotics or if his death resulted directly or indirectly from the intemperate use of such drugs or narcotics. In said application, Gill, the insured, warranted all the statements and answers to questions to be true. The evidence showed that Gill dropped dead on the streets of Wayne City from an overdose of morphine. Proofs of death showed the immediate cause thereof to be an overdose of an opium compound mixture and that deceased was a narcotic addict. The verdict of the coroner's jury was offered in evidence and was to the effect that death was due to an overdose of opium narcotic compound.

The evidence in the record conclusively shows that the insured had been addicted to the use of drugs and narcotics for many years prior to the time of his death and prior to having taken out the benefit certificate in question and that the immediate cause of his death was the use of morphine or opium. Appellees practically concede that the preponderance of the evidence shows the above state of facts. They con-

tend, however, that the proofs of death which had been filed by appellees are not competent evidence in the case, and that the court erred in admitting the same.

The proofs of death presented contain the statement of appellee, Abbie B. Gill, widow of said deceased, and of a physician. In the statement signed and sworn to by Abbie B. Gill, she states as follows:

"I, Abbie B. Gill, being first duly sworn on oath state that I am a beneficiary named and referred to in the Benefit Certificate No. 346865 issued by Modern Woodmen of America to Harry A. Gill, deceased, under the......day of..........whose death resulted from heart failure from an overdose of opium compound, at Wayne City, Ill., on the first day of July, 1918, and as such beneficiary I hereby make claim for benefits in the sum of $1,000, which may be due and payable to me as beneficiary under said Benefit Certificate. * * * I further state that forms 22A, 22B, 22C, 22D, 22E and 22I, of the death proofs of said Modern Woodmen of America filed with this claim have been executed at my special instance and request and the statements therein contained, together with copy of evidence and verdict of the coroner's inquest or proceedings if same have been or shall be furnished, are adopted by me and agreed to as the basis of this claim; that when the said blanks were executed I understood, and now further agree that the execution thereof or any demand made therefor, or the execution or demand for any other affidavit or document or copy of same, or copy of any court or coroner's proceedings relating to my claim, or the payment of any expense incident thereto, shall not be construed or considered as a waiver of any right of said Society to deny its liability under the said Benefit Certificate.

(Signed) Abbie B. Gill."

The statement of the physician filed as part of the proofs of death shows the following questions and answers:

"What was the immediate cause of death? And

disease, its duration and history? (Ans.) An over-dose of opium compound mixture.''

''Did deceased use alcoholic beverages, drugs or narcotics of any kind? (Ans.) Yes, was narcotic addict.''

With said proofs of death was also included a newspaper account of said death and which purported to give cause of same, etc. Under the law as laid down by the Supreme and Appellate Courts of this State, the statement of the beneficiary under a benefit certificate or insurance policy and also the statement of the physician as a part of the proofs of death are competent evidence in a suit brought by the beneficiaries to recover on the policy.

In *Turner v. Modern Woodmen of America,* 186 Ill. App. 404, the court on page 414 says: ''In such cases declarations made by the member against his interest are admissible in evidence against the beneficiary in a suit by the beneficiary upon the certificate after the death of the member. Niblack on Benefit Societies (2nd Ed.), sec. 325; 2 Bacon on Benefit Societies, sec. 460; *Court of Honor v. Dinger,* 123 Ill. App. 406; affirmed in 221 Ill. 176, and cases there cited. Therefore any statements or declarations which Turner made to anyone, tending to show a defense to this certificate or the untruthfulness of the statements in the application, would be competent evidence against the beneficiary in this suit, where such defense is pleaded.''

In *Modern Woodmen of America v. Davis,* 184 Ill. 236, the court says: ''Any statement contained in the notice and proofs of death was available to the order as evidence in the nature of admissions made by the plaintiff in the action. * * * The proofs of death were admissible in evidence. Such proofs included the affidavit of John A. Hoffman, M. D., to the effect the immediate cause of death of the assured member was 'acute alcoholism.' The court refused to permit the order to introduce this affidavit, as be-

ing part of the proofs of death, to the jury, but required the affidavit to be detached and admitted the remainder of the papers constituting the proofs. In so doing, we think the court was in error."

So far as the newspaper article is concerned, we do not think the same was admissible in evidence, as it was not properly a part of the proofs in the case. It should be observed, however, with reference to the statement of the beneficiary and also of the physician, that the same does not create an estoppel against the beneficiary, but is an admission against interest. The beneficiary may, if he can, overcome the statement or admission in the proof of loss, but it is incumbent upon him to do so.

The court did not err in allowing appellant to offer the proofs of loss so far as they pertained to the statement made by appellee, Abbie B. Gill, or to the statement made by the physician. The verdict of the coroner's jury was offered in evidence by appellant and was allowed to go to the jury without objection on the part of appellees; however, the court afterwards instructed the jury not to consider said verdict.

The evidence further disclosed that the insured had made statements to a physician that he was using drugs, and under the law of this State the testimony of the physician that the assured had made such statements to him was competent evidence to be offered by an insurance company in a suit brought by a beneficiary under a policy of insurance or benefit certificate, as the case may be. The testimony offered by appellees to negative the effect of the evidence offered by appellant was of a negative character. There is nothing in the record to dispute the evidence offered by appellant to the effect that the insured was addicted to the use of drugs and narcotics during his lifetime and that his death was the immediate result of such habit. In our judgment the verdict of the jury was against the manifest weight of the evidence

and the court erred in refusing to grant a new trial on that ground.

It is next contended by the appellant that the court erred in the giving of the first, fourth, seventh and eighth instructions given on behalf of appellees. The first instruction is as follows: "The court instructs you even though you may believe from the evidence in this case, that the said Harry A. Gill came to his death by his own hand by the use of a drug or narcotic, you would not be justified under the law returning a verdict in favor of the defendant company unless you further believe from a preponderance of the evidence that such death was caused directly or indirectly from the intemperate use of such drug or narcotic by the said Harry A. Gill." This instruction does not state a correct principle of law, was misleading and should not have been given.

The fourth instruction undertakes to tell the jury what will or will not constitute the intemperate use of drugs, narcotics or intoxicating liquors. It was misleading and should not have been given.

The seventh instruction undertakes to tell the jury that even though the death of the insured was caused by his use of drugs or narcotics, the jury would not be justified in returning a verdict against appellees upon that ground unless they further believe from a preponderance of the evidence that his death was caused directly or indirectly from his intemperate use of such drugs or narcotics. This instruction was certainly misleading and should not have been given, as the court undertakes to tell the jury that even though the death of the insured was caused by the use of narcotics and drugs, still, under the benefit certificate, appellees would have to prove that such use was intemperate.

The eighth instruction undertakes to tell the jury what will or will not amount to an intemperate use of a drug or narcotic, and that if the insured was us-

ing the drug or narcotic to relieve pain it would not be an intemperate use. This instruction was misleading and should not have been given.

Lastly, it is contended by appellant that the right of action, if any, on the part of appellees as beneficiaries under the certificate sued on in this case is several and not a joint one. This question was not raised by demurrer and was only raised on a motion in arrest of judgment. However, in our judgment, this point is not well taken, as we hold said parties properly joined in said proceeding. 1 Parsons on Contracts, page 13.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*