·No. 10,528.

METROPOLITAN LIFE INSURANCE CO. v. LANIGAN.

Decided January 7, 1924.

Action on life insurance policies.   Judgment for plaintiff.

*Affirmed.*

1.  EXECUTORS AND ADMINISTRATORS—*Estates—No Debts.*   Where there are no debts against the estate, no administration is necessary.

2.  INSURANCE—*Life Policy—Action by Heirs.*   The heirs of a deceased person may maintain an action on a life insurance policy payable to his executor or administrator, where there is no necessity for administration.

3.  *Life Policy—Assignment.*   The assignment of an interest in a life insurance policy may be by parol, and may be inferred from the acts and conduct of the party.

4.  *Life Policy—Assignment.*   The assignment of a life insurance policy and the right to recover upon it, after maturity, is valid, regardless of the conditions of the policy.

5.  *Life Policy—Evidence—Proof of Death.*   A claimant under a life insurance policy is not bound by the proof of death presented.   If the contents are evidence for the insurer, it is not conclusive, and may be contradicted by other evidence.

6.  EVIDENCE—*Stricken.*   A party is not entitled to fortify one piece of evidence by adding thereto other evidence which was properly stricken.

7.  APPEAL AND ERROR—*Evidence—Repetition.*   There is no error in striking evidence which is merely repetition.

*Error to the County Court of the City and County of Denver, Hon. E. J. Ingram, Judge.*

Mr. CHARLES W. WATERMAN, Mr. WILLIAM A. JACKSON, for plaintiff in error.

Mr. H. O. NEVILLE, Mr. ALBERT S. FROST, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action, originally instituted in a justice court, to recover upon two policies of life insurance which had been issued by the insurer upon the life of one Edward J. Lanigan, one policy being for $100 and the other for $200. There was a verdict and judgment for plaintiff. Defendant brings the cause here for review.

The insurance under the policies is payable "to the executor or administrator of the insured." The plaintiff below sues in her individual capacity as heir of the insured and as assignee of the other and remaining heirs. The plaintiff in error contends that the insured left debts, thereby necessitating administration. The evidence, however, in this respect, is sufficient to support a finding to the contrary. Therefore no administration was necessary. *Waterhouse v. Churchill,* 30 Colo. 415, 70 Pac. 678. The heirs could maintain this action. 25 Cyc. 914; *Metropolitan Life Ins. Co. v. Fitzgerald,* 137 Ark. 366, 209 S. W. 77.

It is contended that the plaintiff never obtained any proper assignment of the interests of the other heirs of the insured before bringing this action. This contention cannot be sustained. The plaintiff testified that at the time of the death of the insured, the heirs, other than herself, informed her that the policies are her own and that she may have the proceeds from the policies. This testimony. is strengthened by evidence that plaintiff alone paid the funeral expenses of the insured, and took care of him during his last illness. An assignment may be by parol, and may be inferred from the acts and conduct of the party. *Chamberlin v. Gilman,* 10 Colo. 94, 100, 14 Pac. 107.

Because plaintiff has obtained the right to sue under an assignment which may be deemed equitable, plaintiff in error contends that the justice court had no jurisdiction in this action. There is no merit to this contention because plaintiff is not seeking equitable relief. The action is one at law. 25 Cyc. 904.

It is further contended that the policy is void because of

a provision therein that it shall be void "if it be assigned" without the endorsement of the secretary of the insurer. Such provision is not applicable in the instant case, because the assignment here was not of the policy before the death of the insured, but of the cause of action accruing thereon after loss. 14 R. C. L. 1004. An assignment of a policy, and the right to recover upon it, after maturity, is valid, regardless of the conditions of the policy. Kerr on Insurance, 688. .

The policies sued on contained a clause providing that the "policy is void if the insured before its date * * * has been attended by a physician for any serious disease or complaint." The plaintiff in error contends that a verdict should have been directed in its favor because a witness testified that in the year 1913 a physician and surgeon of Chicago "operated upon" the insured for "ulcers of the stomach." There is no other testimony on that point, and on such evidence alone the jury was not bound to find for the defendant.

In relying on the forfeiture clause above quoted, the plaintiff in error places most stress on the proof of death, particularly because the physician making the certificate states therein that the insured died of diabetes and that the duration of such disease was two years and six months, which would place the beginning of the disease at a time prior to the issuance of the policies. If the contents of the proof of death are evidence for the insurer, the evidence is not conclusive, and may be contradicted by other evidence. 44 L. R. A. 850; Hanna v. Conn. Mut. Life Ins. Co., 150 N. Y. 526, 44 N. E. 1099. The insured died October 17, 1918. From June to September of that year he was in the army. The plaintiff testified that when he went to the army he was in good health and "was the picture of health." The jury was warranted in finding for plaintiff on the evidence above mentioned.

The plaintiff in error further relies on the deposition of the witness Clarke, a physician. The answer of the witness to interrogatory No. 18 was stricken, and that ruling

is not complained of.  The witness there stated that he attended the insured for diabetes.  In answer to the next interrogatory the witness gave the dates of such attendance, and this is the answer relied on by defendant below. That answer, however, standing alone, is meaningless. The plaintiff in error is not entitled to fortify one piece of evidence by adding thereto other evidence which was properly stricken.  In the deposition above mentioned, interrogatory No. 18, and the answer thereto is as follows: "State whether or not Edward J. Lanigan was ever attended by you as a physician for the disease of diabetes. "Yes, and the bill for my services amounting to $19.25, is still unpaid."

The question and answer were stricken after objection made on the ground that the same is a disclosure of confidential. matters between physician and patient.  It is claimed that the court erred in striking that part of the answer following the word "Yes," because the objection was not applicable to it.  That part of the answer which it is claimed it was error to strike, is in the same words as the last part of the answer to interrogatory No. 16, and in the light of other parts of the deposition, it is clear that it covers identically the same subject-matter, referring to the same bill.  The court's ruling merely prevented a repetition.  There was no reversible error in striking the entire answer to interrogatory No. 18.

We find no reversible error in the record.  The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON sitting for MR. JUSTICE BURKE, concur.