MEXICOTT *v.* PRUDENTIAL INSURANCE CO. OF AMERICA.

1. PLEADINGS—ADMISSION—PRIMA FACIE CASE—WAIVER—COURT RULES.

In admitting that pleadings made *prima facie* case, defendant waived any advantage which otherwise it would have derived from failure of plaintiff to file denial of those matters in answer which, if true, were conclusive of litigation (Court Rule No. 24, § 1 [1931]).

2. SAME—WAIVING REPLY TO ANSWER.

Defendant, having waived reply to alleged new matters in its answer, was not entitled to claim that plaintiff's failure to deny them was admission of their truth (Court Rule No. 24, § 1 [1931]).

3. INSURANCE—PROOFS OF DEATH—CERTIFICATE OF DEATH—EVIDENCE.

In action on life insurance policy, where question involved was whether insured was in sound health at time policy was issued, and defendant's answer set up and relied upon attending physician's certificate of death as having been furnished by plaintiff as part of proofs of death, court was in error in refusing to receive said certificate in evidence.

4. SAME—ADMISSION.

Attending physician's certificate of death of insured, furnished by plaintiff as part of proofs of death, is evidence by admission of facts therein stated, in action on policy, but it is not conclusive.

5. APPEAL AND ERROR—REJECTION OF EVIDENCE—HARMLESS ERROR.

Error in rejecting attending physician's certificate of death of insured, in action on policy, was not prejudicial, where official certificate made by same physician was admitted, and only difference was that rejected certificate gave as contributing cause of death "luetic heart disease," which was neither defined nor explained, and therefore was without value as evidence on issue involved as to whether insured was in sound health when policy was issued.

6. INSURANCE—DIRECTED VERDICT.

Where, in action on life insurance policy, in which issue involved was whether insured was in sound health at time policy was issued, testimony was in dispute, trial court was not in error in refusing to direct verdict for defendant.

7. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Motion for new trial on ground of newly-discovered evidence was properly denied, where said evidence consisted of public records which would have been discovered by use of reasonable diligence.

Appeal from Monroe; Root (Jesse H.), J. Submitted April 5, 1933. (Docket No. 4, Calendar No. 36,905.)   Decided June 5, 1933.

Separate actions of assumpsit by Elizabeth Mexicott, administratrix of the estate of Jake Stoffels, deceased, against Prudential Insurance Company of America, a foreign corporation, on two policies of life insurance. Cases consolidated for trial. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Golden, Nadeau & Fallon,* for plaintiff.

*Emmons, Oren & Sleeper (Donald McGaffey,* of counsel), for defendant.

McDONALD, C. J. The defendant issued an insurance policy on the life of Jake Stoffels for $500 on February 2, 1931, and on March 9, 1931, a second policy was issued for $315. On April 16, 1931, the insured was admitted to the university hospital at Ann Arbor and remained there for treatment until his death on May 22, 1931. The policies were issued without medical examination. Each policy contained a preliminary provision which reads:   .

"This policy shall not take effect if the insured die before the date hereof or if on such date the in-

sured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned."

On the death of the insured payment of the policies was refused for the reason that he was not in good health when they were issued.

Elizabeth Mexicott, a relative of the insured, as administratrix, began a suit on each policy to enforce collection. The suits were consolidated and tried together by the court with the aid of a jury. The defendant assumed the burden of opening and closing under Court Rule No. 37, § 5 (1931). The only issue was whether the insured was in good health when the policies were issued. There was a verdict and judgment in favor of the plaintiff on both policies. The defendant has appealed, and in its brief presents the following questions:

"1. Does the failure of the plaintiff to file a reply as required by Court Rule No. 24, § 1 (1931), admit the new matters alleged in an answer, and is not the court on trial required to direct a verdict for defendant where such new matters, if true, are conclusive of the litigation?"

The plaintiff contends that the allegations of the answer referred to were not of new matters but it is not necessary to discuss that question. At the beginning of the trial, in order to have the advantage of opening and closing in the introduction of testimony and in argument, the defendant admitted that the pleadings made a *prima facie* case for the plaintiff.

"*Mr. McGaffey:* We admit by the pleadings a *prima facie* case, but I think according to the rule in that situation we are allowed to take the opening and closing."

In admitting that the pleadings made a *prima facie* case, the defendant waived any advantage which otherwise it would have derived from the failure of the plaintiff to file denial to those matters in the answer which, if true, were conclusive of the litigation.

"2. In such circumstances, is not the answer admissible in evidence as proof of the affirmative matters contained in it?"

Having waived a reply to the alleged new matters, the defendant was not entitled to claim that plaintiff's failure to deny them was an admission of their truth.

"3. In such circumstances, where the question involved is the unsound health of the insured, and defendant insurer's answer set up and relied upon an 'attending physician's certificate of death' as having been furnished by plaintiff as a part of her proofs of death, is not the certificate admissible in evidence without any further showing, or, if not, whether sufficient further showing was made?"

The court refused to receive the certificate in evidence, and in so ruling we think he erred. It was furnished by the plaintiff as part of the proofs of death. It is evidence by admission of the facts therein stated, but it is not conclusive. *John Hancock Mutual Life Ins. Co.* v. *Dick,* 117 Mich. 518 (44 L. R. A. 846).

However, we do not think the rejection of the certificate was reversible error. It was made by Dr. Kerlikowski of the university of Michigan hospital, who also made the official certificate filed with the State health commissioner. This latter certificate was received in evidence. The two certificates are

identical except that the rejected certificate states "luetic heart disease," as a contributing cause of death. Both certificates gave the immediate cause as "subacute bacterial endocarditis." The doctor was not called as a witness. What he meant by "luetic heart disease" the record does not disclose. Whether it was a disease of the heart which affected the insured's health at the time the policies were issued we are not informed. Without some explanation or definition, it has no value as evidence on this issue. Its exclusion was without prejudice to the defendant.

"4. Whether, under the undisputed proofs, the court should not have found as a matter of law that the insured was not in sound health, and directed a verdict for defendant."

Testimony of the material facts was not undisputed. The cause of death was "subacute bacterial endocarditis." There was medical testimony showing that this disease might have come upon the insured suddenly. That he was so afflicted at the time the policies were issued is negatived by the testimony of Dr. Dawe, who testified that he examined him a few days before the last policy was issued and found no disease of the heart or lungs, that he treated him for a cold, that a few days after the last policy was issued he again examined him and discovered that he had Bright's disease; and that he sent him to Ann Arbor to be treated for that disease. He further testified that Bright's disease may come on suddenly. Mrs. Mexicott, a relative, testified to facts that tended to show the insured was in good health when the policies were issued. In conflict with this testimony was that of Dr. Wellman, who was a student and an interne at the hospital when the insured was admitted for treatment. He

testified that he took the patient's history and symptoms, that the insured told him that for five months prior to his admission he had swelling of the ankles, swelling of his hands and eyes, severe night sweats, shortness of breath, loss of weight and appetite, and that 27 years prior to that time he had the gonorrhea.   Dr. Wellman and Dr. Dawe were the only professional witnesses.   They agreed that most of these ailments may have come upon the insured in a short space of time, but in some particulars disagreed as to their relation to his health at the time the insurance policies were issued.   Their conflicting opinions made it a question for the jury.

"5.   Whether, in such circumstances, and where after-discovered evidence not available before trial was presented, the court should not have granted a new trial?"

The newly-discovered evidence upon which defendant based its request for a new trial consists of the records of the probate court and the testimony of the commissioner of the poor relative to the admission of the insured to the university of Michigan hospital as a public charge.  In denying the motion for a new trial the court held that the defendant did not use reasonable diligence in discovering evidence which was available in the public records.   We think he was correct in so holding.

We find no reversible error.  The judgment is affirmed, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.