H. M. BLANDIN, Plaintiff and Respondent,

v.

BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES, a Corporation chartered in the State of Illinois, Defendant and Appellant.

No. 7476.

Supreme Court of North Dakota.

Jan. 17, 1956.

Rehearing Denied March 5, 1956.

Cox, Cox, Pearce & Engebretson, Bismarck, for appellant.

Lord, Ulmer, & Murphy, Mandan, for respondent.

**BURKE, Chief Justice.**

This action is one to recover upon a policy of hospitalization insurance. The plaintiff alleged in his complaint that defendant was indebted to him in the sum of $504.44 under the terms and conditions of its policy. In its answer the defendant alleged full payment to the plaintiff of its entire liability under the policy. The issues in the case were tried to a jury and a verdict was rendered in favor of the plaintiff. Defendant immediately moved for judgment notwithstanding the verdict. This motion was denied and judgment in accordance with the verdict was entered. Defendant has appealed from the judgment.

The specifications of error on this appeal relate solely to the question of the sufficiency of the evidence to sustain the verdict. That evidence is for the most part undisputed.

Plaintiff's deceased wife first entered the hospital on November 27, 1951. The preliminary diagnosis and cause for her hospitalization was an intestinal obstruction. Upon operation to correct or remove the obstruction it was found that the deceased had carcinoma with metastasis. The carcinoma had already spread from its original location in an ovary and had produced a tumerous growth which caused the intestinal obstruction. The operation included removal of the ovaries and a colostomy. Deceased was released from the hospital on December 24, 1951. On January 29, 1952, deceased reentered the hospital for the purpose of having the colostomy closed. She was discharged January 30, 1952. On December 17, 1952, she again entered the hospital because another intestinal obstruction had developed. The site of the colostomy was reopened and what repairs could be made, were made. She was discharged on December 23, 1952. On February 23, 1953, deceased again entered the hospital where she remained until she died on May 29, 1953. To recapitulate deceased's periods of hospitalization were as follows:

Nov. 27, 1951, through Dec. 24, 1951 ...........27 days
Jan. 29, 1952, " Jan. 30, 1952 ........... 2 "
Dec. 17, 1952, " Dec. 23, 1952 ........... 6 "
Feb. 23, 1953, " May 29, 1953 ...........96 "

The hospitalization insurance policy which defendant had issued to the plaintiff contained the following provision.

"Daily Hospital Expense Indemnity

"If a dependent shall, by reason of illness or injury, be necessarily confined as a bed patient 18 hours or more within a licensed or incorporated hospital on the order of a legally qualified physician, the Association will pay the Insured for the amount incurred by the dependent for room, board and general nursing services not to exceed $10.00 for each dependent per day for Seventy days in any one period of hospitalization beginning the first day of hospital confinement. If the daily expense is less than the maximum benefit the difference will be used to extend maximum number of days that coverage is available, but in no case

shall the total amount payable under this part exceed the rate per day multiplied by the maximum number of days provided. Intermittent periods of hospitalization during any one continuous disability or resulting from the same or related causes shall be considered as one period of hospitalization."

This is the provision of the policy under which the plaintiff seeks to recover. It is conceded that defendant has paid the plaintiff in full for 70 days of hospitalization and the only question in the case is whether the deceased's periods of hospitalization were separate and distinct or whether under terms of the policy they must be considered as one period because they were intermittent periods resulting from the same or related causes.

In this connection, plaintiff contends that the hospitalization in December 1951 and in January, 1952, was because of an intestinal obstruction and that the hospitalization in December 1952 and from February to May 1953 was because of carcinoma and that the intermittent periods of hospitalization resulted from separate causes and not from the same or related causes. He argues that he has a right to rely on the preliminary diagnosis made by his wife's physicians and that because the physicians did not report the discovery of carcinoma until after the deceased had been discharged from the hospital the first time, its existence must be considered to have begun at the time it was reported and not at the time it was discovered or at any other time.

■ As we view it, this argument is not even plausible. The terms of the policy are clear and unambiguous. They provide that intermittent periods of hospitalization resulting from the same or related causes shall be considered as one period. From the evidence in this case it is clear, beyond any doubt, that all of deceased's hospitalization was due to carcinoma or to causes which were directly related to and produced by the carcinoma. The intermittent periods of hospitalization must therefore under the terms of the policy be considered

as one period. Under the policy the maximum indemnity for one period is limited to $10 a day for seventy days. Defendant has paid this indemnity and thus discharged its liability under the policy. The judgment of the district court is therefore reversed and the case remanded to the district court for the entry of judgment dismissing the action.

MORRIS, SATHRE, JOHNSON and GRIMSON, JJ., concur.

### On Petition for Rehearing.

BURKE, Chief Justice.

Plaintiff has filed a petition for rehearing in which he points out that the court, in the opinion filed in this case, failed to consider the question of whether the testimony of the physician, who testified on behalf of the defendant, disclosed information acquired in attending a patient, and therefore should have been excluded as privileged. While this question was not argued in the brief of the plaintiff, a supplemental list of citations relating to the question was filed with the court.

As has been pointed out in the opinion filed, the sole question of fact in the case, was whether the several periods of hospitalization of plaintiff's wife resulted from the same or related causes.

■■ Proofs of claim, which had been presented by the plaintiff to the defendant were received in evidence. By the terms of the contract of insurance these proofs were required to contain a statement of the nature of the disease or injury which caused plaintiff's dependent's hospitalization. Accordingly, these proofs of claim contained a physician's certificate as to the cause of hospitalization, which was agreed to by the insured over his signature. These proofs show that all four periods of hospitalization of plaintiff's dependent resulted from the same or related causes. Plaintiff offered no evidence whatever with respect to the cause of his dependent's hospitalization, nor did he in any other way attempt to prove that the cause of any period of hospitalization, as stated in the proofs of claim, was incorrect. "Such proofs, * * * are regarded as admissions on the part of the plaintiff, provided they were furnished by or on his behalf, and may be introduced in evidence against him by the company for the purpose of showing the facts therein stated * * *." 46 C.J.S., Insurance, § 1337, pp. 482, 483. Such proofs are prima facie evidence of their contents. Metropolitan Life Ins. Co. v. Lanigan, 74 Colo. 386, 222 P. 402; Gill v. Modern Woodmen, 221 Ill.App. 388; Mexicott v. Prudential Ins. Co., 263 Mich. 420, 248 N.W. 856; Elness v. Prudential Ins. Co., 190 Minn. 169, 251 N.W. 183; Melton v. Royal Highlanders, 194 Iowa 352, 189 N.W. 787. And such proofs are, if unrebutted, unexplained or unqualified by other evidence tending to show that they are erroneous or untrue, binding and conclusive upon the plaintiff. 29 Am.Jur. (Insurance, Sec. 1489) 1116. See also National Life & Accident Ins. Co. v. Puckett, 217 Ala. 110, 115 So. 12; Smiley v. John Hancock Mut. Life Ins. Co., Mo. App., 52 S.W.2d 12; American National Ins. Co. v. Anderson, 42 Ga.App. 624, 157 S.E. 112.

■ It appears therefore that even if all of the testimony of the attending physician were excluded from the evidence in the case the remaining evidence would still be conclusive as against the plaintiff. The admission of the physician's testimony was therefore not prejudicial and it is unnecessary for us to consider whether it was error to admit it.

Petition for rehearing is therefore denied.

MORRIS, SATHRE, JOHNSON and GRIMSON, JJ., concur.