754 P.2d 1180 (1988)
Michael W. PARRISH, Plaintiff-Appellant,
v.
ROCKY MOUNTAIN HOSPITAL & MEDICAL SERVICES COMPANY, d/b/a Blue Cross and Blue Shield of Colorado, and the Colorado State Employees' and Officials' Group Insurance Board of Administration, Defendants-Appellees.
Nos. 85CA1081, 86CA1242.
Colorado Court of Appeals, Div. VI.
March 17, 1988.
*1181 Ozer, Spriggs & Trueax, P.C., Robert Ozer, Denver, for plaintiff-appellant.
Sherman & Howard, C. Brad Peterson, Michael A. Williams, F. Brittin Clayton III, Denver, for defendant-appellee Rocky Mountain Hosp. & Medical Service, d/b/a Blue Cross and Blue Shield of Colorado.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Neil Tillquist, Asst. Atty. Gen., Hall & Evans, Alan Epstein, Denver, for defendant-appellee Colorado State Employees' and Officials' Group Ins. Bd. of Admin.
SILVERSTEIN[*], Judge.
Plaintiff, Michael W. Parrish, seeks reversal of (1) the denial of his petition for a preliminary injunction, and (2) the dismissal, by summary judgment, of his action against Rocky Mountain Hospital & Medical Services Company d/b/a Blue Cross and Blue Shield of Colorado (Blue Cross), The Colorado Employees' and Officials' Group Insurance Board of Administration (Board), and the State of Colorado (not a party on this appeal). We affirm the denial of the preliminary injunction and the dismissal of the action.

Dismissal of the Action
We treat the dismissal issues first because the correctness of the denial of the preliminary injunction depends largely on our determination of these issues.
In his complaint, the plaintiff sets forth seven claims for relief. The first claim is for breach of contract and the remaining six are claims arising from asserted tortious acts.

A.

The First Claim for Relief
Plaintiff contends the trial court erred in granting summary judgment on this claim because there are unresolved issues of fact. However, in our determination of this asserted error, we treat the allegations of the complaint, supplemented by the stipulations of the parties, as true.
Plaintiff is a duly licensed doctor of chiropractic, a large number of whose patients are employees of the State of Colorado. Most of these patients are insured by a group insurance plan underwritten and funded by the Board, and administered by Blue Cross. Between August 1, 1984, and June 1, 1985, (the action was filed June 26, 1985) plaintiff treated many state employees "all of which patients have duly and lawfully assigned to plaintiff any and all rights to payment or reimbursement by defendants of the benefits to which said patients are entitled for the expenses of plaintiff's treatment."
Plaintiff asserts that defendants are liable to him on such assigned accounts in the sum of $103,372.55, that demand has been made on defendants, and that defendants have refused to pay. In refusing to pay, the defendants rely on the provision in the plan contract which reads:
"All benefits stated in the Contract are personal to the Employee or Dependent. Neither those benefits nor Blue Cross and Blue Shield of Colorado's payments to the covered individual may be assigned *1182 to any person, corporation or entity: Any attempted assignment shall be void. The only exception to this provision is Blue Cross and Blue Shield of Colorado's right to pay Participating Facility and Professional Providers directly."
We note that plaintiff does not allege that he is a "Participating" provider as defined in the contract.
Plaintiff asserts that the quoted provision is contrary to the law of assignments in Colorado. However, as held in Scott v. Fox Brothers Enterprises, Inc., 667 P.2d 773 (Colo.App.1983), contracts generally are assignable, except where assignment is prohibited.
The validity of non-assignable clauses in group health care contracts has been upheld in the courts of other states. See Obstetricians-Gynecologists, P.C. v. Blue Cross & Blue Shield of Nebraska, 219 Neb. 199, 361 N.W.2d 550 (1985); Kent General Hospital, Inc. v. Blue Cross & Blue Shield of Delaware, Inc., 442 A.2d 1368 (Del.1982); Augusta Medical Complex, Inc. v. Blue Cross of Kansas, Inc., 230 Kan. 361, 634 P.2d 1123 (1981). In so holding, those courts have noted that the policy of free alienability of choses in action can be overcome by the strong policy of freedom of contract. Further, the courts found that such non-assignment clauses in this type of contract are valuable tools in persuading health providers to keep their health care costs down. We agree with this rationale; accordingly, we hold that the non-assignable clause is valid and enforceable and that the assignments relied on by plaintiff are void. Therefore, it was not error to dismiss the first claim for relief.
We have reviewed plaintiff's assertions of procedural errors in the dismissal of this claim, and find them to be without merit.

B.

The Second through Seventh Claims for Relief
On August 1, 1984, the master contract was amended to read: "Medically necessary services rendered by a licensed chiropractor are covered up to a maximum benefit of $1,000 per individual per contract year." Plaintiff contends that this provision violates the Colorado statutes, and bases these six claims on this alleged violation. Specifically, plaintiff asserts that defendants must comply with §§ 10-8-103(3)(a) and XX-XX-XXX(1)(a), C.R.S. (1987 Repl.Vol. 4A). We disagree.
Both of the statutes relied on by plaintiff provide that different fee schedules can be set for different health services performed by different professions but that the same fee schedule shall "be used for that portion of health services which are substantially identical although performed by different professions." The defendants contend that they are exempt, by statutory provisions, from the equal fee provisions relied on by plaintiff. We agree.
It is agreed that the state is a self-insurer and the administrator of the health plan at issue (Blue Cross) is a non-profit corporation.
First, § 10-16-107(1)(a) is inapplicable because § 10-16-103(2), C.R.S. (1987 Repl. Vol. 4A) provides:
"The provisions of this article shall not apply to any employer's health plan or services established or maintained solely for its employees and their immediate families ... which plans or services are self-insured. . . ."
Thus, the state plan is exempt from the equal pay provision in Article 16 of Title 10.
Likewise, § 10-8-103(3)(a) is inapplicable. It is undisputed that Blue Cross is a non-profit hospital and health service corporation organized under and governed by the Non-profit Hospital, Medical-Surgical and Health Service Corporation Act (§§ 10-16-101 through XX-XX-XXX, C.R.S. (1987 Repl. Vol. 4A)).
Section 10-16-103(1) of that act provides that any Colorado non-profit corporation organized
"for the purpose of establishing, maintaining and operating a non-profit plan whereby prepaid hospital care, medical-surgical care, and other health services *1183 are made available to persons who become subscribers to such plan under a contract with the corporation, shall be subject to and governed by the provisions of this article and, except as provided in this article, shall not be subject to the laws of this state relating to insurance or insurance companies."
Nowhere in Article 16 of Title 10 is any reference made to any section of Article 8, Title 10. That article regulates insurance and insurance companies, other than those organized under Article 16, Title 10.
Thus, neither the self-insured plan here at issue nor its non-profit administrator are governed by the statutory sections relied on by plaintiff.

The Preliminary Injunction
The preliminary injunction was properly denied. One of the criteria for the granting or denying of a preliminary injunction is the likelihood, or lack thereof, of ultimate success of plaintiff's claims for relief. Rathke v. MacFarlane, 648 P.2d 648 (Colo.1982). In view of the trial court's dismissal of plaintiff's claims for relief and our affirmance thereof, it is clear that the trial court did not abuse its discretion in denying the injunction on the ground, inter alia, that plaintiff had not established a reasonable probability of success. Rathke v. MacFarlane, supra; see O'Connell v. Colorado State Bank, 633 P.2d 511 (Colo. App.1981).
The judgment denying the preliminary injunction and the judgment of dismissal are affirmed.
STERNBERG and TURSI, JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24-51-607(5), C.R.S. (1982 Repl. Vol. 10).