**PARRISH CHIROPRACTIC CENTERS, P.C., Plaintiff–Appellant,**

**v.**

**PROGRESSIVE CASUALTY INSURANCE COMPANY, Defendant–Appellee.**

**No. 92CA0114.**

Colorado Court of Appeals, Div. IV.

Feb. 25, 1993.

Rehearing Denied April 8, 1993.

Certiorari Granted Aug. 30, 1993.

Ozer & Mullen, P.C., Robert C. Ozer, Denver, for plaintiff-appellant.

White & Steele, P.C., Frederick W. Klann, George A. Codding, III, Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Parrish Chiropractic Centers, P.C., appeals the summary judgment entered against it and in favor of defendant, Progressive Casualty Insurance Company, on Parrish's claim seeking to enforce payment of insurance benefits to Parrish by Progressive. We affirm.

This litigation involves payment for chiropractic services rendered to patients who are insured by Progressive under automobile insurance policies issued pursuant to the No–Fault Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A). The policies contain a provision stating: "Interest in this policy may not be assigned without *our* written consent." (emphasis in original).

Upon contacting Parrish for treatment, the insured patients were initially requested by Parrish to execute assignment documents assigning to it their insurance proceeds for treatment under the policies. Although the patients executed the requested documents, Progressive refused to honor the assignments and made payment directly to the insureds.

Parrish then commenced this action seeking to enforce the assignments and for direct payment from Progressive. Upon cross-motions for summary judgment, the trial court found the assignments were prohibited by the policy language and dismissed the complaint.

Parrish contends that it is entitled to enforce the assignments because the right to payment here is a transfer of a chose in action freely made by assignment. We disagree.

It is generally true, as Parrish asserts, that the law favors the assignability of contract rights unless the assignment purports to transfer a matter of personal trust or confidence or is otherwise forbidden by an express provision to the contrary. *Scott v. Fox Brothers Enterprises, Inc.*, 667 P.2d 773 (Colo.App.1983). Thus, a prohibition of assignment in an insurance policy will typically not be enforced if the prohibition would operate to defeat insurance coverage, thereby working a forfeiture which is not favored in the law, especially when the assignment has no effect on the insurer's risk or hazard of loss. *See National American Insurance Co. v. Jamison Agency, Inc.*, 501 F.2d 1125 (8th Cir.1974); *Metropolitan Life Insurance Co. v. Lanigan*, 74 Colo. 386, 222 P. 402 (1924).

Here, it is undisputed that Progressive has met its obligations under the insurance contract by payment to its insureds and coverage has not been impaired. Consequently, there is no bar to the enforcement of the contract provision forbidding assignment on the grounds of forfeiture.

The validity of non-assignable clauses has been previously upheld by this court. We have noted that the policy of free alienability of choses in action can be overcome by the strong policy of freedom of contract. *Parrish v. Rocky Mountain Hospital & Medical Services Co.*, 754 P.2d 1180 (Colo. App.1988).

We conclude that the plain and unambiguous language of the policy provision here is broad enough to include prohibition of assignment of the right to payment, particularly since the amount of benefits payable had yet to be fixed at the time the assignments were made.

Parrish further contends that it is entitled to receive the benefits of the policies as the unequivocal third-party beneficiary of the insurance contracts between Progressive and its insureds since Parrish is the provider of treatment required to be furnished the insured under the No–Fault Act. We disagree.

In support of this argument, Parrish relies upon *In re Question of United States Court of Appeals v. Criterion Insurance Co.*, 198 Colo. 132, 596 P.2d 1203 (1979). There, the Colorado Supreme Court decided a question certified by the federal appellate court as to whether the United States could recover from an insurer under the No–Fault Act for medical treatment extended to a national guardsman injured while on active duty who was also covered by a private insurer. In concluding that the United States could recover from the insurer, the court noted that the insurer was statutorily obliged to provide the required coverage and that the United States incurred the expense as the result of an automobile accident embraced within the policy provisions. In effect, the decision recognized the insurer as the primary carrier pursuant to §§ 10-4-706 and 10-4-707(3), C.R.S. (1987 Repl.Vol. 4A).

In the present case, Parrish acted as a private provider of chiropractic services, and not under mandate of law or as an alternate or co-insurer of Progressive's insureds. Furthermore, Progressive is not attempting to avoid liability for benefits on the basis that it was relieved of its obligation by the existence of other insurance, as was the case in *Criterion*.

One not a party to a contract may premise an action on such contract only if the parties to the contract intended directly to benefit the third party. And the status of being a third-party beneficiary is not present if the benefit conferred upon the third party was merely an unintended, incidental advantage of the contract. *E.B. Roberts Construction Co. v. Concrete Contractors, Inc.*, 704 P.2d 859 (Colo.1985).

Under the No–Fault Act, the provision for payment of medical expenses is for the benefit of the injured person, not the provider of those services. *See Cingoranelli v. St. Paul Fire & Marine Insurance Co.*, 658 P.2d 863 (Colo.1983). Thus, although § 10–4–708(2), C.R.S. (1987 Repl. Vol. 4A) allows payment by the insurer directly to the provider in the proper case, this is a permissive allowance only, and evidences no intent to create or devolve a right or cause of action otherwise expressly prohibited by the contract of insurance.

We, accordingly, conclude, as did the trial court, that Parrish is an incidental beneficiary of the insurance policy and, as such, is not entitled to recovery upon a direct action to enforce the terms of that policy in which it has no direct or intended interest. *See Fourth & Main Co. v. Joslin Dry Goods Co.*, 648 P.2d 178 (Colo.App.1982).

The judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.