ACME DELIVERY SERVICE, INC., d/b/a Acme Distribution Centers, Inc., a Colorado corporation, Plaintiff–Appellant,

v.

The DAVID JOHNSON GROUP, INC., a Colorado corporation and Preferred Maintenance Services, Inc., a Colorado corporation, Defendants–Appellees.

No. 98CA1383.

Colorado Court of Appeals, Div. III.

July 22, 1999.

Rehearing Denied Sept. 16, 1999.

Certiorari Denied April 17, 2000.

William C. Danks, Denver, Colorado, for Plaintiff–Appellant.

Burg, Simpson, Eldredge Hersh & Houliston, P.C., Peter W. Burg, Diane Vaksdal Smith, James W. Barlow, for Defendant–Appellee The David Johnson Group, Inc.

Godin & Baity, LLC, Mari K. Perczak, Steven L. Heisdorffer, Denver, Colorado, for Defendant–Appellee, Preferred Maintenance Services, Inc.

Opinion by Judge NEY.

Plaintiff, Acme Delivery Service, Inc., d/b/a Acme Distribution Centers, Inc., appeals the summary judgment entered in favor of defendants, The David Johnson Group, Inc., and Preferred Maintenance Services, Inc. We reverse and remand.

Acme subleased defendants' warehouse, and pursuant to a contract with Coors Brewing Company, stored 9.8 million empty bottles there. Acme insured the contents of its leased warehouse with Safeco Insurance Company (Safeco) under a warehouseman's policy. A fire damaged the bottles and Safeco adjusted the loss and paid Coors $1,060,-335. Acme incurred no direct loss or damage from the fire.

Acme initiated this action against defendants, claiming that their employees' negligence caused the fire. Acme asserted that, as bailee, Acme has a common law right of recovery against a tortfeasor who damages bailed goods in its possession and that Safeco had abandoned, waived, and assigned its subrogation rights to Acme.

We conclude that the trial court committed two errors as a result of its determination that Acme suffered no injury or damages and, therefore, stated no cause of action. Thus, reversal is required.

 Summary judgment is a drastic remedy and should be granted only upon a clear showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Dominguez Reservoir Corp. v. Feil*, 854 P.2d 791 (Colo.1993). Appellate review of a judgment granting a motion for summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

## I.

Acme asserts that the trial court erred by determining that, because Safeco settled the bailor's potential claim against Acme, Acme suffered no damages and, therefore, had no cognizable claim against defendants. We agree.

 "It is well-settled that a bailee in lawful possession of the bailor's property can recover for damage to that property." *Reliance Insurance Co. v. Al E. & C. Limited*, 539 F.2d 1101 (7th Cir.1976).

 Here, the trial court's determination that Acme suffered no damages was based entirely on the evidence that Safeco had compensated Coors. However, we conclude that this evidence actually raised the factual issue of Acme's injury; either based upon premiums paid for the insurance or rights it acquired by Safeco's subrogation rights.

Accordingly, because a genuine issue of material fact exists, the granting of summary

judgment was inappropriate. *See Dominguez Reservoir Corp. v. Feil, supra.*

## II.

 Acme also contends that the trial court erred by applying *Peterson v. Kester,* 791 P.2d 1185 (Colo.App.1989), as the basis of its summary judgment. Again, we agree.

The trial court's order granting defendants' motion for summary judgment stated:

Safeco in their right of subrogation has only whatever rights Acme would have. If Acme had not suffered any loss or was not damaged in any way, Safeco's right of subrogation would be worthless. The Colorado Court of Appeals in the case of *Peterson v. Kester,* 791 P.2d 1185 (Colo.App. 1989), made this very clear. In that case the court stated:

An insurer's right of subrogation is derived from the rights of its insured, and is limited to those rights. . . .

In *Peterson, supra,* the Court concluded that because the insured *had no right of action* against the alleged tortfeasor, the insurance company of the insured had no right of action. It is the same in this case. Since Acme did not suffer any loss, Safeco could not, under its right of subrogation, bring a claim in the name of Acme. (emphasis supplied)

*Peterson,* however, is distinguishable. There, a workers' compensation carrier paid benefits to an injured employee and joined the employee's tort action as its subrogee. The trial court determined that because the employee was statutorily barred from tort recovery by the No-Fault Act, the insurance carrier was also barred.

Here, however, Coors did suffer a loss for which Safeco may have acquired subrogation rights. Because there was no statutory bar, as in *Peterson,* Safeco may have assigned those rights to Acme. *See Parrish Chiropractic Centers, P.C. v. Progressive Casualty Insurance Co.,* 857 P.2d 540 (Colo.App.1993) (subrogation rights in an insurance contract may be assignable if not contrary to public policy and not excluded by contract terms).

We thus conclude that the trial court's reliance on *Peterson* as the basis for granting summary judgment against Acme on its subrogation theory was erroneous.

And, hence, it further erred by determining, as a matter of law, that Acme is precluded from asserting, as subrogee of Safeco, a negligence claim against defendants.

In summary, Acme's claim against defendants, either based on damages it may have sustained or as subrogee of Safeco, cannot properly be disposed of by summary judgment.

Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge PIERCE * concur.