Ida Sellers, v. B. Arie, Appellant.          | 99  515 |
                                             | e116 179 |

**Recovery of Money Paid for Liquor:** ASSIGNMENT OF CLAIM FOR
1  A claim for the recovery of money paid for intoxicating liquors,
   under Code, section 1550, providing that all such payments shall
   be deemed to have been received upon a valid promise and agree-
   ment to pay the same on demand, is assignable.

AGENCY NO DEFENSE TO CLAIM FOR. In an action to recover
   money paid for intoxicating liquors, under Code, section 1550,
2  providing that all such payment shall be deemed to have been
   received upon a valid promise and agreement to repay, on demand,
   the defendant cannot escape liability on the ground that he sold
   the liquors, and received the money therefor, merely as an agent
   for another; especially, where he was an active participant in a
   scheme to violate the liquor law, and to protect purchasers of
   liquor from prosecution, expending a part of his commissions in
   furtherance of the latter object.

*Appeal from Boone District Court.*—HON. D. R. HIND-
MAN, Judge.

FRIDAY, OCTOBER 23, 1896.

ACTION at law to recover back money paid for
intoxicating liquors sold by the defendant to plaint-
iff's assignors, in violation of law. There was a trial
by jury, and a verdict and judgment for the plaintiff.
Defendant appeals.—*Affirmed.*

*Dyer & Stevens* for appellant.

*A. J. Holmes* and *Jordan & Brockett* for appellee.

ROTHROCK, C. J.—I. The petition is in two counts.
In the first count it is alleged that defendant sold
intoxicating liquors to one V. Sellers, between April
1, and May 5, 1893, for which said Sellers paid to the
defendant the sum of two hundred and twenty-three
dollars and fifty cents, and assigned his right to

recover said money back, to the plaintiff. It is averred
in the second count that the partnership firm of
Sellers & Coats paid the defendant the sum of one
thousand, one hundred and eighty-eight dollars and
fifty cents, for intoxicating liquors sold by the defend-
and to said firm, between the first day of June, 1893,
and the fifteenth day of January, 1894, and that said
firm and the individual members thereof duly assigned
their right to plaintiff to recover the said money
back from the defendant. It is further averred that
demand was made for the re-payment of said sums of
money upon the defendant before the commencement
of this suit. It is alleged that all of said sales of
intoxicating liquors were made in violation of law.
The defendant, by his answer, denied that plaintiff
was the owner of the account sued on, and denied that
the assignment thereof invested plaintiff with the right
to maintain an action thereon. The answer contained
further averments as follows: "And, further answer-
ing, the defendant says that he was from the 1st day
of April, 1893, to the 15th day of January, 1894, acting
as agent of the Anheuser-Busch Brewing Company, of
St. Louis, Missouri, in the city of Boone and vicinity,
for the sale of beer in said corporation; that said defend-
ant entered into a verbal contract with the assignor of
plaintiff and one James Coats, who were doing busi-
ness at said time under the firm name of Coats & Sel-
lers, to sell said firm beer; and that said beer was to
be sold in violation of law; and that, as a part of
the essential element of said agreement to sell, the
defendant agreed to protect said firm from prosecu-
tions that might be brought for the violation of law
in the sale of said beer; and that said contract was,
as agreed, two dollars and fifty cents per keg, for the
beer and protection as aforesaid; and that such agree-
ment was made with said firm of Coats & Sellers, also
with said Sellers and said Coats individually." It will

be observed from this last part of the answer that the sales of intoxicating liquors were made in violation of law, and for the purpose of enabling the purchasers thereof to unlawfully resell the same. The jury returned a verdict against the defendant for the sum of three hundred dollars. The evidence shows beyond all question that plaintiff's assignors paid to the defendant, at least, the amount of the verdict for intoxicating liquors purchased from the defendant; and, although some question is made by the defendant whether a demand of repayment was made before. suit brought, it conclusively appears from an additional abstract filed by the plaintiff that demand was made within the proper time.

II. Section 1550, of the Code, provides, that "all payments or compensation for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money, goods, land, labor, or anything else, whatsoever, shall be held to have been received in violation of law, and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand, to the person furnishing such consideration, the amount of said money, or the just value of such goods, land, labor, or other thing. * * *." The defendant made the question on the trial, and urges it upon this appeal, that the plaintiff has no right to maintain the action, because the claim is not assignable, so that an action will lie in the name of the assignee. It is said that, under the statute, payment shall be made "to the person furnishing such consideration." The thought of counsel is, that because the obligation is purely statutory, and is not an open account or claim, founded upon an agreement, payment cannot be demanded, nor enforced, by an assignee; and it is further urged, that the statute

is penal, that the claim is in the nature of a penalty or forfeiture, and is not assignable. Whether a penalty or forfeiture, provided for by statute, is assignable, we need not determine. The statute under consideration plainly provides, that the money paid for intoxicating liquors shall be held "to have been received upon a valid promise and agreement of the receiver to pay it on demand." The claim is thus put upon the same ground as any other valid promise to pay, and it is assignable, the same as any other lawful demand or chose in action, which "is a right to receive or recover a debt, or money, or damages, or for a tort, connected with contract, but which cannot be enforced without action." 1 Bouvier's Law Dict. 265. And a chose, or thing in action, is assignable in this state. Code, section 2546.

III. The court instructed the jury, in substance, that, under the statute upon which the action is founded, the defendant was liable if he sold the intoxicating liquors, and received the money therefor, even though he acted as the agent of another. It is urged that this was error. We do not concur in this view. The defendant, as is shown by his answer, was an active participant in a scheme, not only to violate the law, but to protect the purchasers of liquors from prosecutions that might be brought for retailing said liquors; and, in his examination as a witness, he testified on that subject as follows: "I agreed to use my influence to keep them from being prosecuted for violating the law, and spend money to that end. I did not agree to spend any specified amount,—just liberal. I never told them to whom I would give money. I hired detectives. I never paid any money to any county officers. I gave some to the ministers; some to Mr. Randall, Baptist minister, some to the Methodist church, some to the Presbyterian church. I simply talked with the ministers, and

explained to them the law; talked to them to keep them in good humor, to keep them in good shape, with everybody. I never kept any account of the money expended. The money was mostly Anheuser-Busch money. I never charged them anything. They gave me thirty per cent. for doing business. The first time it was thirty per cent., and after was thirty-five. The expenses used to be a little high. After they gave it to me, it was mine. It was taken out of the total receipts, and I paid my own expenses out of that,— paid for protection out of that." It is hardly necessary to say that the defendant is in no position to claim exemption from liability to repay the money which he received. The judgment of the district court is AFFIRMED.