Victor E. Dahl et ux., appellees, v. George A. Zabriskie et ux., appellants.

No. 49342.

(Reported in 88 N.W.2d 66)

FEBRUARY 11, 1958.

Donohue, Wilkins & Donohue, of New Hampton, for appellants.

W. C. Clark, of Fayette, and O'Brien & O'Brien, of Oelwein, for appellees.

HAYS, J.—May 20, 1955, George Zabriskie, owner of the real estate in question, gave Sinclair Refining Company a ninety-day Purchase Option thereon. August 19, 1955, Sinclair assigned this option to the plaintiffs-appellees. August 20, 1955, plaintiffs notified Zabriskie in writing that they were exercising the option and requested compliance with the terms thereof. Zabriskie refused, thus this action for specific performance thereof. Mary Zabriskie, wife, did not sign the option and at the trial stated that she would not convey her dower interest in said real estate. Specific performance was decreed as to George Zabriskie's interest, with the court retaining jurisdiction to determine the rights of Mrs. Zabriskie. The Zabriskies have appealed.

The determinative question is whether or not the Purchase Option is assignable. Appellants assert that it is not.

The agreement generally is as follows: The granting clause states "* * * George Zabriskie * * * herein referred to as 'Seller' * * * does hereby give * * * to Sinclair Refining Company the following exclusive purchase option upon the exercise of which in the manner hereinafter specified the terms of this option and offer shall constitute a contract of purchase and sale." Then follows six paragraphs with paragraph 6 containing divisions 6-A to 6-K inclusive. Paragraph 1 states the consideration

to be one dollar. Paragraph 2 names the purchase price to be $1100. Paragraph 3 limits the time of the option. Paragraph 4 describes the premises. Paragraph 5 states: "This option may be exercised by notice to that effect given by or on behalf of Sinclair Refining Company and served upon Seller as provided in paragraph 6-I hereof." Paragraph 6 provides: "In the event of the exercise of this option Seller and Sinclair * * * hereinafter referred to as 'Purchaser', agree to be bound by and to comply with the following * * * [paragraphs 6-A to 6-K inclusive]."

Paragraph 6-A requires seller to convey by warranty deed upon the acceptance of title by the purchaser or its nominee. Paragraph 6-C makes the sale, after exercise of the option, optional with the purchaser, conditioned upon purchaser obtaining the necessary permits to operate a filling station on the premises. Paragraph 6-J provides: "This instrument and each and all of the covenants, obligations and conditions hereof shall inure to the benefit of and be binding upon the heirs, personal representatives, successors and assigns of Seller, and the successors and assigns of Purchaser * * *." We have referred to those paragraphs which appellants contend show the agreement is not assignable.

██ ██ The purpose of a Purchase Option is to give the optionee the right to purchase at his election within an agreed period at a named price, which presumably was considered satisfactory to the optionor in case the option is exercised. It is not questioned but that the agreement, at least as to paragraphs 1 to 6-A inclusive, constitutes an option. As a general rule options may be assigned the same as other contracts in the absence of words of limitation therein forbidding the same. 91 C. J. S., Vendor and Purchaser, section 16; Restatement, Contracts, section 155; 4 Am. Jur., Assignments, section 17; Myers v. J. J. Stone & Son, 128 Iowa 10, 102 N.W. 507, 111 Am. St. Rep. 180, 5 Ann. Cas. 912; sections 539.1 and 539.2, Code, 1954.

██ I. Appellants contend that the option by its terms was personal to Sinclair and not assignable, although it is conceded in argument that immediately after the exercise thereof by Sinclair an assignment of the rights thus acquired would be valid.

While some of the clauses therein, standing alone, give some force to this claim, the agreement taken as a whole clearly refutes it. By the agreement appellants merely agree to convey certain real estate to the optionee, or his nominee, for a stated price. While it is clear that the sale contemplated the use of the premises as a filling station, nothing in the agreement in any way restricts its use to such a business. Paragraph 6-J specifically makes the entire instrument binding upon the assigns of both seller and purchaser.

To avoid the force of paragraph 6-J, appellants contend paragraphs 6-A to 6-K inclusive apply only if and when the optionee exercises the option. In other words, under their contention the agreement is severable. Under the rule announced in Quarton v. American Law Book Co., 143 Iowa 517, 121 N.W. 1009, 32 L. R. A., N. S., 1, and Peek v. New York L. Ins. Co., 206 Iowa 1237, 219 N.W. 487, we are unable to accept this view. Paragraphs 1 to 5, standing alone, give Sinclair an option to purchase certain described real estate, but does not, at least directly, obligate the optionor to convey nor is there a word therein as to the details of the conveyance to be made. If exercised, further negotiations would be necessary in order to have a complete purchase and sale agreement. Paragraphs 6 to 6-K, standing alone, likewise would be meaningless. No consideration is mentioned nor is there found therein any description of the premises to be conveyed. Irrespective of paragraph 6-J, it is clear that the instrument must be read as a whole and paragraph 6-J specifically so states. We hold the agreement to be assignable.

II. It is said that even though the agreement is assignable, appellees do not have a valid assignment. While the burden rests upon an assignee to show a valid assignment in order to acquire valid rights thereunder, we think that burden has been sustained. The assignment, received in evidence over objection, is signed by A. E. Boekel, Sinclair Area Manager. The objection is to the effect that specific corporate action is necessary to assign the corporate interest in the option.

Paragraph 6-I states: "All notices given under this instrument shall be in writing, signed by or on behalf of the party giving the same. * * * Notices by or on behalf of Purchaser

shall be signed *only* by an * * * Area Manager * * *." (Italics ours.)

Under the agreement itself the necessity for corporate action, if generally necessary, has been eliminated by agreeing that all matters requiring a signature upon behalf of Sinclair Refining Company shall be made by "* * * an Area Manager." We think that under the terms of the agreement the signature of the Area Manager to the assignment is as effective as it would have been on notice of the exercise of the option by the optionee.

III. It is further asserted that the trial court abused its discretion in decreeing specific performance because the option was with Sinclair Company and not with appellees. We have considered this phase in Division I hereof. Abuse of discretion is also alleged due to the fact that Mary Zabriskie has refused to convey her dower and did not sign the original agreement. The decree is in accord with the rule announced in Peddicord v. Peddicord, 242 Iowa 555, 47 N.W.2d 264, the vendees having elected to enforce specific performance as to the extent of vendor's ability to perform. By retaining jurisdiction for the purpose of determining the wife's interest the trial court has given her ample protection.

The decree of the trial court is correct and should be affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.