370 F.2d 969
 The BOEING COMPANY, a Delaware Corporation, Appellee,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW, AFL-CIO) and Local 1069, Etc., Appellants.
 No. 15722.
 United States Court of Appeals Third Circuit.
 Argued June 16, 1966.
 Decided January 19, 1967.
 
 Alan R. Howe, Philadelphia, Pa. (Edward Davis, Philadelphia, Pa., on the brief), for appellants.
 Robert M. Landis, Philadelphia, Pa., (R. Neal Risley, Dechert, Price & Rhoads, Philadelphia, Pa., on the brief), for appellee.
 Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.
 OPINION OF THE COURT
 SMITH, Circuit Judge.
 
 
 1
 This is an action for damages under § 301 of the Labor Management Relations Act of 1947 as amended, 29 U.S. C.A. § 185. The complaint alleges that the defendant unions, their representatives and members, engaged in a strike and work stoppage in violation of a no strike clause contained in a collective bargaining agreement signed by the parties. The answer admits that certain union members engaged in a strike and stoppage but denies the defendant's liability for their alleged illegal activities. The matter came before the court below on a motion of the defendant to dismiss the complaint, for summary judgment, and, in the alternative, for a stay of the action pending arbitration. The motion was denied and this appeal followed.
 
 
 2
 We are met at the outset with a question as to the appealability of the court's denial of the motion for summary judgment. This denial was predicated on a determination that the allegations of the complaint and the answers thereto raised genuine issues as to material facts which could be resolved only on a trial of the action. The denial was clearly not a final decision appealable under § 1291 of Title 28 U.S.C.A. Switzerland Cheese, etc. v. E. Horne's Market, 385 U.S. 23, 87 S.Ct. 193, 17 L. Ed.2d 23 (Nov. 7, 1966); Hook v. Hook & Ackerman, Inc., 213 F.2d 122, 128 (3rd Cir. 1954). The refusal of the court to dismiss the complaint is similarly not appealable. The refusal of the court to grant a stay of the action pending arbitration is appealable as an interlocutory decision under § 1292 of Title 28 U.S.C.A.
 
 
 3
 The only question for decision is whether the issues of the instant litigation were referable to arbitration. Since the obligation to submit a controversy to arbitration is wholly contractual, the answer depends upon the proper interpretation of the relevant provisions of the collective bargaining agreement. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). If the said issues were arbitrable under the terms and conditions of the contract, the denial of a stay was improper.
 
 
 4
 We recognize at the outset that arbitration clauses, such as those usually contained in labor-management contracts, should be so construed as to effectuate congressional policy favoring the settlement of labor disputes. It was held in United Steelworkers of America v. Warrier & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960): "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Despite this liberal rule of construction a reluctant party may not be compelled to submit a controversy to arbitration unless under a fair construction of the agreement he is bound to do so. Atkinson v. Sinclair Refining Co., supra; Retail Clerks International Association, etc. v. Lion Dry Goods, Inc., 341 F.2d 715, 719-720 (6th Cir. 1965), cert. den. 382 U.S. 839, 86 S.Ct. 87, 15 L.Ed.2d 81; Kansas City Luggage & Nov. Wkrs. U., etc. v. Neevel Luggage Mfg. Co., 325 F.2d 992, 994 (8th Cir. 1965). Absent a contractual obligation to the contrary, a reluctant party is free to pursue any available legal remedy to redress its grievances. Ibid.
 
 
 5
 The contract before us provides for an elaborate procedure for the resolution of employees' grievances. Article V-1, § 1, defines a grievance as "difference between the company and any employee concerning working conditions, or the interpretation or application of any provision of this agreement." It then prescribes a four step grievance procedure, the exhaustion of which is a prerequisite to the submission of the dispute to arbitration. An aggrieved employee, either personally or through his shop steward, must submit his complaint initially to his area foreman under step 1. The disposition of the grievance under step 1 is subject to review by designated representatives of management on successive appeals by the shop steward, the area committeemen and the chairman of the shop committee. Section 2 of the said article provides that a disposition accepted by the union, or from which no appeal has been taken * * *, shall be final and conclusive. * * * Article VI, § 1, provides that the only grievance which may be submitted to arbitration is one "involving the interpretation or application of the provisions of the agreement which has been processed through step four."
 
 
 6
 It is apparent from a reading of the contract that the grievance procedure is employee oriented. The grievance procedure is available only to the employees as "the exclusive remedy for the disposition of any claim, dispute or grievance of any kind * * * Against the Company." (Emphasis supplied). Article VI, § 7. The only arbitrable grievances are those "involving the interpretation or application of the provisions of [the] agreement which [have] been processed through Step 4 of the grievance procedure," supra. The entire procedural structure is designed to resolve only the employees' grievances against the company. This seems obvious from a consideration of Article V-A (Grievance Procedure) and Article VI (Arbitration) in their entirety.
 
 
 7
 It is our opinion that we have before us a case in which "it may be said with positive assurance," as in Atkinson, supra, that the arbitration clause is not susceptible of a construction that the plaintiff was bound to arbitrate the issues involved in its action for damages.
 
 
 8
 The defendants rely on Drake Bakeries, Inc. v. Bakery and Confectionery Workers, etc., 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474. The decision of the Court in the cited case was predicated on its construction of a collective bargaining agreement which prescribed a comprehensive grievance procedure available to both employees and employer and provided for compulsory arbitration, at the request of either, of "all complaints, disputes or grievances arising between [the parties] involving questions of interpretation or application of any clause or matter covered by [the] contract or any act or conduct or relation between the parties hereto, directly or indirectly." The contract before us is much different; in its significant respects it is comparable to the agreement considered by the Court in Atkinson, supra.
 
 
 9
 The judgment of the court below will be affirmed.