**SUPER MARKET SERVICE CORPORA-
TION, Plaintiff,**

v.

**GENERAL DRIVERS & HELPERS LO-
CAL UNION 229, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN
AND HELPERS OF AMERICA, De-
fendant.**

**Civ. A. No. 72-44.**

United States District Court,
M. D. Pennsylvania.

April 5, 1972.

Sheldon Rosenberg, of Nogi, O'Malley & Harris, Scranton, Pa., for plaintiff and Leonard L. Scheinholtz, of Reed, Smith,

**1144**

Shaw & McClay, Pittsburgh, Pa., for plaintiff.

John J. Dunn, Sr., Scranton, Pa., for defendant.

## OPINION

MUIR, District Judge.

This is an action for damages under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, for violation of provisions of a labor agreement amounting to a "no-strike" clause. Before the Court is the union local's motion for a stay of the action pending arbitration.

■ The only question raised by the motion is whether the Company's claim for damages is referable to arbitration. Since the obligation to submit a controversy to arbitration is wholly contractual, the answer depends on an interpretation of the agreement binding the parties. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L. Ed.2d 462 (1962); Boeing Co. v. International Union, U.A.A. & A. Implement Workers, 370 F.2d 969 (3d Cir. 1967).

■■ It is well-established that arbitration clauses in labor-management contracts should be so construed as to effectuate Congressional policy favoring the settlement of labor disputes. Although a reluctant party may not be compelled to submit a controversy to arbitration unless under a fair construction of the agreement he is bound to do so, issues must be referred to arbitration unless "it may be said with positive assurance" that the arbitration clause is not susceptible of a construction that the plaintiff is bound to arbitrate the issues involved in its action for damages. United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); Atkinson v. Sinclair Refining Co., supra; Boeing Co. v. International Union, U.A.A. & A. Implement Workers, supra.

■ I am unable to say "with positive assurance" that the arbitration clause in the instant case "is not susceptible of an interpretation that covers" the dispute concerning damages resulting from the work stoppage.

Paragraph 16, Section (a) of the agreement defines a grievance as "any controversy, complaint, misunderstanding, or dispute" and states that "any grievance arising between the Company and the Union or an employee represented by the Union shall be settled" in accordance with a grievance and arbitration procedure,[1] set forth in the con-

---

1. "Grievance and Arbitration Procedures:
    Section a. A grievance is hereby jointly defined to be any controversy, complaint, misunderstanding, or dispute, and any grievance arising between the Company and the Union or an employee represented by the Union shall be settled in the following manner:
    Step 1. The aggrieved employee or employees must present the grievance to the Shop Steward within five (5) working days after the reason for the grievance has occurred, except no time limit shall apply in case of violation of wage provisions of this agreement. If a satisfactory settlement is not effected with the foreman within three (3) working days, the Shop Steward and Employee shall submit such grievance in writing to the Union's Business Representative.
    Step 2. The Business Representative shall then take the matter up with a representative of the Company with authority to act upon such grievance. A decision must be made within five (5) working days.
    Step 3. If the Company fails to comply with any settlement of the grievance or fails to comply with the procedures of this Article, the Union has the right to take all legal and economic action to enforce its demands.
    Section (b) Any Shop Steward shall be permitted to leave his work without loss of wages, to investigate and adjust the grievance of any employee within his jurisdiction, after notification to his Supervisor, Employees shall have the Shop Steward or a representative of the Union present during the discussion of any grievance with representatives of the Company.
    Section (c) If no satisfactory settlement can be agreed upon, the parties shall select a mutually agreeable and impartial Arbitrator within five (5) days

tract. Broader language defining the range of arbitrable issues under a labor arbitration clause would be difficult to imagine.

It is true, as the Company argues, that the grievance procedure outlined in Steps 1 through 3 is not designed to accommodate Company grievances, but this fact is not dispositive and does not supply that "positive assurance" requisite to deny the defendant's motion to stay these proceedings.

Reduced to its simplest terms, the Company's argument is that since the grievance machinery does not give the Company the right to grieve, its claim for damages is not arbitrable.[2] This is a non sequitur. Section (a) provides that *"any* grievance arising between the Company and the Union or an employee represented by the Union" shall be settled by the procedure set forth in Paragraph 16. Section (c) provides:

> "If no satisfactory settlement can be agreed upon, the parties shall select a mutually agreeable and impartial Arbitrator within five (5) days after disagreement
>
>    \*   \*   \*"

Section (e) provides:

> "Both parties agree to accept the decision of the Arbitrator as final and binding.   \*   \*   \* "

after disagreement. In the event they are unable to so agree, the matter shall be referred to the American Arbitration Association the next day. After the service submits a list of arbitrators to the Union and the Company, they shall reply with their preferred selections no later than three (3) days after receipt of such list. The expense of the arbitrator selected or appointed shall be borne equally by the Company and the Union.

Section (d) The Arbitrator shall not have the authority to amend or modify this Agreement or establish new terms or conditions under this Agreement. The Arbitrator shall determine any question or arbitrability. In the event the position of the Union is sustained, the aggrieved party shall be entitled to all the benefits of this Agreement which would have accrued to him had there been no grievance subject to the award of the arbitrator.

By its terms, then, the arbitration provision of this agreement covers every controversy between the Union and the Company. The Company properly distinguishes Yale & Towne Mfg. Co. v. Local Lodge No. 1717, 299 F.2d 882 (3d Cir. 1962); there, the contract expressly provided that "either party may invoke the grievance procedure." But its reliance upon Boeing Co. v. International Union, U.A.A. & A. Implement Workers, supra, is misplaced. In *Boeing,* the agreement expressly provided that the only arbitrable issues were those "involving the interpretation or application of the provisions of [the] agreement which [have] been processed through Step 4 of the grievance procedure." 370 F.2d at 971. That is not this case.

The Company attempts to distinguish Drake Bakeries v. Am. Bakery and Confectionery Workers, 370 U.S. 254, 82 S. Ct. 1346, 8 L.Ed.2d 474 (1962). While it is true that in that case the agreement contained an express provision that "either party shall have the right to refer" grievances to arbitration, I do not find the absence of such an express provision in the instant case so compelling a consideration that I can say "with positive assurance" that the instant arbitration clause, therefore, does not cover the issue of damages for breach of the contract.

> Section (e) Both parties agree to accept the decision of the Arbitrator as final and binding. If the Company fails to comply with the award of the Arbitrator or with the procedures of this Article, the Union has a right to take all legal and economic action to enforce compliance.

2. It is noteworthy that the grievance procedure is phrased in such a way that it would not accommodate a grievance of the Union against the Company. It follows, therefore, that if the Company's position were correct, the arbitration clause would not apply to disputes between the Company and the Union, as distinct from disputes between the Company and an employee represented by the Union. During oral argument on its application for a preliminary injunction, however, the Company took a contrary position.

The Company places unwarranted emphasis upon the language of Section (d), which provides that "[i]n the event the position of the Union is sustained, the aggrieved party shall be entitled to all the benefits of this Agreement which would have accrued to him had there been no grievance subject to the award of the arbitrator." It is not, as the Company contends, the clear implication of this language that the Company can never be "the aggrieved party" and may not, therefore, invoke the arbitration procedure.

For these reasons, the Motion to Stay the proceedings for damages pending arbitration will be granted.