Thelma H. CLARK, Plaintiff
and Appellant,

v.

Gilbert L. SHELTON, and Sherry G. Shelton, his wife, Todd Eagar, d/b/a Eagar Realty, and Kenneth T. Norton, and Elizabeth Norton, his wife, Defendants and Respondents.

No. 15490.

Supreme Court of Utah.

Sept. 13, 1978.

David K. Smith, Salt Lake City, for plaintiff and appellant.

2.   Utah   Code   Ann.,   1953,   Sec.   76–5–207,   as amended.

John B. Anderson and Gary A. Weston, Salt Lake City, for defendants and respondents.

ELLETT, Chief Justice:

Plaintiff Thelma Clark instituted this action for declaratory relief respecting the validity of an agreement between herself and defendants. The trial court denied Clark's motion for summary judgment on her sole claim that the agreement violated the rule against perpetuities.

The facts in this case are undisputed. By agreement dated June 9, 1972, Clark sold to the Sheltons a tract of land in Salt Lake County, and also agreed to give them a "first right of refusal" to purchase an adjoining tract, which included her home. The contract language was as follows:

Grantor agrees, that should she, her heirs, or assigns, elect to sell, at any time, the real property hereinbefore described as tract B, the Grantees herein named shall first be extended the right to purchase said property, together with all buildings apertinent [sic] thereto, for a total purchase price of $27,500.00, it being agreed that Grantees said right of first refusal shall be exercised by Grantees by their completing the purchase of said property on or before thirty days after their receipt of written notice of Grantor's election to sell.

On November 1, 1974, the Sheltons assigned their interest in the contract to the defendants Norton. Plaintiff initiated this action on January 3, 1977, and the Sheltons responded with a motion for summary judgment based on their assignment to Nortons. Upon the granting of the motion, Clark sued Nortons, asking that any interest which Nortons possessed by virtue of the agreement be declared void under the rule against perpetuities. The only issue raised below was that the agreement violated the rule against perpetuities.

The appellant on appeal now claims that a pre-emptive right of first refusal is void if it is a personal right running only to the grantees. No such claim was made in the court below. The only issue was that regarding the rule against perpetuities, and that is the only matter raised on appeal.

The notice of appeal in this case is as follows:

NOTICE IS HEREBY GIVEN to the Plaintiff, THELMA H. CLARK, Plaintiff hereinabove, appeals to the Supreme Court of the State of Utah, from a judgment made and entered by the above court on or about October 18, 1977, by Judge David B. Dee, Third District Court Judge in and for Salt Lake County, State of Utah, wherein Defendant, Kenneth R. Norton and Elizabeth North, were granted judgment under Plaintiff's Motion for Summary Judgment.

This motion was seeking declaratory relief that the contract which had been executed by and between the Plaintiff and the Sheltons, and which had been assigned by the Sheltons to the Nortons, was void ab initio as being violative of the rule against perpetuities, and/or unenforceable by Nortons. The court ruled that Nortons had a valid assignment in the contract which did not violate the rule against perpetuities, and which was an enforceable right.

The matter of the rule against perpetuities is the only matter which we should consider on this appeal.[1]

Clark asserts that the right of first refusal provision of the agreement violates the rule against perpetuities because the interest may not vest within the prescribed period under the rule. The rule is most succinctly stated as follows:

No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.[2]

1. *Hamilton v. Salt Lake, etc.*, 15 Utah 2d 216, 390 P.2d 235 (1964); *North Salt Lake v. St. Joseph Water Co.*, 118 Utah 600, 223 P.2d 577 (1950); *In re State in interest of Woodward*, 14 Utah 2d 336, 384 P.2d 110 (1963).

2. Gray, the Rule Against Perpetuities (4th ed. 1942) Sec. 201.

The agreement states, "Grantor agrees, that should *she, her heirs or assigns* elect to sell, *at any time,* . . . the *Grantees herein named* shall first be extended the right to purchase . . ." [Emphasis supplied.] The question to be answered is, do the words, "the Grantees" mean the Sheltons only, or do they connote "the Grantees and their heirs?" If the words are construed as being limited to the Sheltons, then the pre-emption must be exercised, if at all, within their lives, and the rule against perpetuities does not void the interest. If however, the words include the heirs of the Sheltons, then the pre-emption could possibly be exercised by an heir of the Sheltons, who may not be a life in being, after the designated period in the rule; the interest would thus be void.

■ Clark argues the intent of the parties must have been to give Sheltons and the heirs of the Sheltons the right to enforce the agreement, since the contract specifically binds the heirs of Clark. Also, the agreement says it applies if Clark or her heirs "at any time" decide to sell. We find the argument unpersuasive. The agreement specifically included the heirs of Clark, but not the heirs of Shelton. The inference is not that the parties intended Sheltons' heirs to be included, but that they intended the pre-emption only to apply to Sheltons, and not their heirs. This is reinforced by the phrase, " . . . the Grantees herein named . . ." In this respect this agreement differs only slightly from the contract in *Kamas State Bank v. Bourgeois,*[3] which gave a pre-emptive right to two named persons. The Court held the pre-emptive right was limited in duration to the lifetime of the named grantee, and thus did not violate the rule against perpetuities.[4] We believe the pre-emption was not intended to extend beyond the lives of the Sheltons, and as such, it is not void under the rule.

■ If the court deems the pre-emptive right as existing only during the grantees' lifetime, Clark states then the right must be non-assignable, or it would still violate the rule against perpetuities. This statement is based on an incorrect understanding of the rule. The interest must vest, if at all, within twenty-one years after some life in being at the creation of the interest. In this case, we have decided the interest must vest, if it will at all, within the lives of the grantees, Mr. and Mrs. Shelton. They are the "measuring lives," and remain so even though they assign their interest to another party. No additional lives in being are created by subsequent transfers of the interest. Thus, the pre-emptive right terminates at the death of Mr. and Mrs. Shelton even though a third party then possesses it.

By stating that an assignment by the Sheltons under these circumstances does not run afoul of the rule against perpetuities, we do not say the parties agreed or contemplated that the pre-emptive right given to the Sheltons would be assignable.

■ Generally, the law favors the assignability of contractual rights, unless the assignment would add to or materially alter the obligator's duty or risk. But a contract which is personal in nature, where the personal needs, characteristics or personality of the obligee are dominant factors in the reason for contracting, is not assignable. In the absence of a provision forbidding an assignment, an option contract is presumed to be assignable,[5] and this presumption should logically apply to a pre-emptive right.

■ However, where the interest created by the parties is in residential property, such as in the case at hand, there is a greater likelihood the parties contracted because of some special relationship and thus intended the contract to be non-assignable than if they were dealing with commercial

**3.** 14 Utah 2d, 188, 380 P.2d 931 (1963).

**4.** See also: *Campbell v. Campbell,* 230 S.W.2d 918 (Ky., 1950); *Roemhild v. Jones,* 239 F.2d 492 (8th Cir. 1957).

**5.** 3 Williston on Contracts (3rd ed.) Sec. 412.

property. The presumption of assignability should accordingly be easier to overcome in a residential context than in a commercial setting.

The trial court correctly held that the agreement was not void and did not offend against the rule of perpetuities. The ruling is therefore affirmed and respondent is awarded costs.[6]

CROCKETT and HALL, JJ., concur.

WILKINS, Justice (dissenting):

This appeal should be dismissed as it is not properly taken. An appeal cannot be taken from the denial of a motion for summary judgment [1] as that is not a final order under Rule 72(a), and plaintiff did not petition the Court for an interlocutory appeal pursuant to Rule 72(b). The comments in the majority opinion as to the assignability of the right of first refusal is also premature as the District Court did not rule on that question.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.

---

6. The dissent of Justice Wilkins states the law correctly where issues of fact are material to the decision; but where, as in this case, the only issue is one of law, there is no reason to remand for further consideration.

1. See Utah Rules of Civil Procedure, Rule 72; *Boeing Co. v. International Union, U.A.A. & A.I.W.,* 370 F.2d 969 (3rd Cir. 1967), and the many cases cited at 15 A.L.R.3d 899, et seq. And see *Christensen v. Farmers Ins. Exchange,* 21 Utah 2d 194, 443 P.2d 385 (1968).