Jack SCOTT, Mary Scott and Steve Gragg, Plaintiffs-Appellees and Cross-Appellants,

v.

FOX BROTHERS ENTERPRISES, INC., Defendant-Appellant and Cross-Appellee.

No. 82CA0252.

Colorado Court of Appeals, Div. II.

July 7, 1983.

S. Macon Cowles, Steamboat Springs, for plaintiffs-appellees and cross-appellants.

Robert H. Gleason, Steamboat Springs, for defendant-appellant and cross-appellee.

SMITH, Judge.

Defendant, Fox Brothers Enterprises, Inc. (Fox Brothers), appeals from a decree entered in favor of plaintiffs, Jack Scott, Mary Scott, and Steve Gragg (the Scotts). The decree required Fox Brothers to render specific performance of a contract to sell real property. We affirm.

The facts in this case are not in dispute. A "Receipt and Option" agreement was entered into wherein for the sum of $20,000

Fox Brothers agreed to convey to one Clayton Canfield Lot 23 together with a one year option to purchase Lot 24 in a subdivision known as Fox Estates. The agreement contained no prohibitions, restrictions, or limitations against assignments but did contain general language making it enforceable against the heirs, successors, and assigns of the respective parties.

Canfield paid the $20,000 and took title to Lot 23 and the option to Lot 24. Canfield thereafter assigned his option rights in Lot 24 to the Scotts. Prior to its expiration date, the Scotts gave notice of their intent to exercise the option to purchase Lot 24, and tendered certified funds in the amount of $5,800 as required by the agreement together with a note and deed of trust executed by the Scotts in the principal sum of $14,200 bearing interest at 9½% per annum, and containing the other terms required by the option agreement.

Fox Brothers refused to convey the property to the Scotts. It maintained that it was not required to convey unless the original optionee, Canfield, signed the note, thus obligating himself for the balance of the purchase price of lot 24. Canfield refused to join in the execution of the note or deed of trust either as obligor or guarantor. The Scotts then brought suit for specific performance.

### I.

Fox Brothers contend that, as a matter of law, the contract was not assignable. We disagree.

The contract provided in applicable part as follows:

"Price to include: The land as it exists (Lot 23) together with an option to purchase Lot 24, Fox Estates, at any time within the twelve months following the closing date for the purchase price of $20,000 payable as follows: ·

$5,800 down; the balance to be amortized over five years at 9½% interest and paid in monthly installments of $298.22 over a three-year period beginning on the date of exercise of the option. At the end of the three year period, a balloon payment

shall be made consisting of the outstanding principal balance together with interest accrued as of the date of payoff."

Fox Brothers argues that, absent language or provisions in the contract establishing otherwise, it should be presumed that the contract is personal in nature and, therefore, unassignable. We reject this concept.

■ Generally, absent an express provision to the contrary, executory contracts are assignable unless they involve a matter of personal trust or confidence or are for personal services. *Matson v. White*, 122 Colo. 79, 220 P.2d 864 (1950). And, while there appears to be no Colorado case discussing the application of this rule to options to purchase real estate, cases from other jurisdictions expressly apply this rule to such contracts. *E.g., Masterson v. Sine*, 68 Cal.2d 222, 436 P.2d 561, 65 Cal.Rptr. 545 (1968); *Dahl v. Zabriskie*, 249 Iowa 584, 88 N.W.2d 66 (1958); *Connolly v. Des Moines & Central Iowa Ry.*, 246 Iowa 874, 68 N.W.2d 320 (1955).

■ Generally, the law favors the assignability of contractual rights. This is particularly true as to interests in real property inasmuch as free alienation is one of the essential attributes of common-law property ownership. *Board of County Commissioners v. Pfeifer*, 190 Colo. 275, 546 P.2d 946 (1976). We therefore hold that, in the absence of a provision forbidding assignment, a real estate option contract is presumed to be assignable. *Clark v. Shelton*, 584 P.2d 875 (Utah 1978).

The presumption may be overcome only if it can be shown that the optioner would not have granted it but for his reliance upon the personal integrity, credit, or responsibility of the original optionee. If that be shown to be the case, then the optionor has acted with that degree of trust and confidence which is singularly personal to the optionee/obligor, and the option is personal in nature and not assignable. *Earth Products Co. v. Oklahoma City*, 441 P.2d 399 (Okl.1968); *Clark v. Shelton, supra.*

■ Here, there was no provision in the contract prohibiting assignment or requir-

ing that Canfield either sign the note or execute the deed of trust. There was no evidence presented at trial that Fox Brothers ever made any investigation or attempt to determine the nature or extent of Canfield's credit or ability to pay. We are in agreement with the conclusion reached by the trial court that the matter of the personal credit of Canfield was not a consideration in the granting of the option and that Fox Brothers intended to rely on the property as security for the payments called for in the option.

We therefore conclude that the presumption of assignability was not rebutted and that the trial court did not err in determining that the option was properly assigned or in its entry of a decree of specific performance.

Because of our determination on the issue of assignability, we need not address Fox Brothers' other contentions.

Accordingly, the judgment is affirmed.

PIERCE and TURSI, JJ., concur.