Dean A. BLACK and Jackie S.
Black, Appellants,

·v.

FIRST INTERSTATE BANK OF FORT
DODGE, IOWA, Defendant,

John H. Banwell, Beth Banwell and
Margaret Banwell, Appellees.

No. 88–531.

Supreme Court of Iowa.

April 19, 1989.

James A. Pugh and Bradley R. Peyton of
Morain, Burlingame, Pugh, Juhl & Peyton,
West Des Moines, for appellants.

Whitley M. Hemingway, Webster City,
M. Gene Blackburn and Jeane W. Pearson,
Fort Dodge, for appellees.

Considered by McGIVERIN, C.J., and
LARSON, SCHULTZ, LAVORATO and
ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Plaintiffs Dean and Jackie Black filed this declaratory judgment action to determine whether the opportunity to repurchase embodied in Iowa Code section 524.-910(2) (1987) may be assigned. The district court determined that the opportunity to repurchase was assignable by defendants John and Beth Banwell to John's sister, defendant Margaret Banwell. Plaintiffs appeal. We affirm.

I. *Background facts and proceedings.* On March 13, 1987, John and Beth Banwell, upon threat of foreclosure and pursuant to a written agreement, deeded their farm to the First Interstate Bank of Fort Dodge, a state bank of Iowa. In the transaction, First Interstate released John and Beth from their mortgage and other financial obligations to the bank.

On May 18, the bank contracted to sell the Banwell farm to plaintiffs Black for $205,000. The written contract provided that the sale was subject to the statutory "right of first refusal" of the prior owners of the farm. The following day, the bank notified John and Beth of their opportunity to repurchase the farm under the same terms as the bank's contract with plaintiffs.

On June 4, John and Beth assigned their opportunity to repurchase to John's sister, Margaret. Margaret thereafter made a timely tender of performance under the same terms as in plaintiffs' contract. The bank initially refused the tender but later sold the farm to Margaret for $205,000.

Plaintiffs Black subsequently filed this action for declaratory judgment and supplemental relief against the bank, the Banwells and Margaret Banwell. Plaintiffs sought a determination that the opportunity to repurchase created by section 524.-910(2) is nonassignable, and thus sought enforcement of their contract to purchase the Banwell farm from the bank.

After filing of the initial pleadings, plaintiffs moved for an adjudication of law points relative to whether John and Beth's opportunity to repurchase was assignable. Following hearing, the district court ruled the opportunity to repurchase was a chose in action and was thus assignable. The court then found its decision was dispositive of the case and dismissed plaintiffs' action. Plaintiffs appealed.

■ II. *Adjudication of law points.* Iowa Rule of Civil Procedure 105 allows a party to obtain an adjudication of "any point of law raised in any pleading which goes to the whole or any material part of the case." We have stated that such an adjudication can be made in two instances:

First, such a ruling is proper when no material facts are in dispute. If the pleadings reveal fact issues with respect to law points, disposition under rule 105 is inappropriate unless the parties stipulate the required facts.

Second, a purely legal issue may be adjudicated despite the existence of controverted pleadings if the court is presented with a "legal issue that is independent of a disputed factual issue and a ruling favorable to the applying party will necessarily be dispositive of the case in whole or in part."

*Iowa Elec. Light & Power Co. v. Wendling Quarries Inc.,* 389 N.W.2d 847, 848 (Iowa 1986) (quoting *State ex rel. Miller v. Hydro Mag, Ltd.,* 379 N.W.2d 911, 913 (Iowa 1986)) (other citations omitted).

The parties do not dispute that John and Beth assigned their opportunity to repurchase to Margaret and that Margaret then repurchased the farm from the bank under the same terms as the bank's initial contract with plaintiffs. Therefore, an adjudication of law points was proper in this case on the issue of whether the opportunity to repurchase was assignable.

III. *Assignment of prior owner's opportunity to repurchase.* At issue are the rights and restrictions embodied in Iowa Code section 524.910. That section in part provides:

A state bank may acquire property of any kind to secure, protect or satisfy a loan or investment previously made in good faith. Property acquired pursuant to this section shall be held and disposed of subject to the following conditions and limitations:

. . . .

2. Real property ... conveyed to [the state bank] in satisfaction of debts previously contracted in the course of its business ... shall be sold or otherwise disposed of by the state bank within five years after title has vested in the state bank.... *Before the state bank sells or otherwise disposes of agricultural land held pursuant to this subsection, the state bank shall first offer the prior owner the opportunity to repurchase the agricultural land on the terms the state bank proposes to sell or dispose of the agricultural land.*

Iowa Code § 524.910 (1987) (emphasis added). It is not disputed that First Interstate is a state bank subject to regulation under chapter 524.

Plaintiffs contend the portion of section 524.910(2), emphasized above, does not create an assignable interest in the prior owner. Rather, plaintiffs argue that the statute is only enforceable by the superintendent of banking, and, alternatively, that the prior owner's opportunity to repurchase is personal and may not be assigned to a third party.

■ A. *Opportunity to repurchase as a private right of action.* Initially, plaintiffs argue that it is the responsibility of the superintendent of banking to compel state banks to comply with section 524.-910(2) and to enforce the section where compliance is lacking. Since the legislature provided for administrative enforcement of section 524.910(2), the argument follows, the section does not create a private cause of action in the prior owner which can be subsequently assigned to a third party.

A prior owner's opportunity to repurchase is created in Iowa Code section 524.-910 and is thus a part of the Iowa Banking Act, Iowa Code chapter 524. Chapter 524, among other things, creates the commerce department's division of banking, the superintendent of banking and the state banking board. *See* Iowa Code § 524.201 *et seq.* Under the act, the superintendent of banking has "general control, supervision and regulation of all state banks and

shall be charged with the administration and the execution of the laws of this state relating to banks and banking...." Iowa Code § 524.213. Section 524.223 empowers the superintendent to issue cease and desist orders to any state bank which has violated or is violating any provision of chapter 524. Based upon these provisions, plaintiffs contend that the superintendent is the proper authority to enforce the opportunity to repurchase, and that the prior owners, John and Beth, may not pursue a private cause of action based upon section 524.910(2).

The question whether a private cause of action exists under a statute that does not expressly provide for one is a matter of legislative intent. *Seeman v. Liberty Mut. Ins. Co.,* 322 N.W.2d 35, 40 (Iowa 1982). In *Seeman* we adopted a four-factor test to make this determination when legislative intent is otherwise unclear. *Id.*

Section 524.910(2) does not on its face indicate whether a private remedy was contemplated by the legislature. We need not employ the test adopted in *Seeman,* however, because legislative intent in this instance is otherwise clear. From an examination of legislation concurrently enacted with the opportunity to repurchase in section 524.910(2), we find sufficient evidence otherwise exists that indicates the legislature intended to create a private remedy.

The prior owner's opportunity to repurchase was created by a 1985 amendment to section 524.910(2). 1985 Iowa Acts ch. 252, § 34 (hereinafter Senate File 577). Prior to the amendment, section 524.910(2) did not differentiate between agricultural or other real property, and did not address the interests of the prior owner after the property was relinquished to the state bank. *See* Iowa Code § 524.910(2) (1985). The prior act also provided that a state bank was required to dispose of property acquired in satisfaction of debt within one year from the date title was vested in the bank. *See id.* The 1985 amendment extended the period during which banks could retain title to real property from one to five years, and created the opportunity to repurchase for prior owners of agricultural land that was

deeded to the state bank under the section. *See* S.F. 577, § 34.

The same act also amended portions of Iowa Code chapter 628, pertaining to redemptions, and Iowa Code chapter 654, pertaining to foreclosure of real estate mortgages.

Chapter 654 was amended to create the "Alternative Nonjudicial Voluntary Foreclosure Procedure." S.F. 577, § 46 (now codified at Iowa Code section 654.18 (1987)). This alternative procedure included a means by which agricultural land could be voluntarily transferred to a mortgagee in lieu of foreclosure. S.F. 577, § 47 (now codified at Iowa Code section 654.19 (1987)). This section, dealing with agricultural land, authorized mortgage lenders and mortgagors to enter into an agreement whereby the voluntary transfer could, among other things, satisfy all or part of the mortgage, allow the mortgagor a right to purchase the land for a period up to five years, and entitle the mortgagor to lease the agricultural land. *Id.*

With respect to redemptions, chapter 628 was amended to allow debtors and mortgagees of agricultural land to enter into written agreements to extend the debtor's period of redemption up to five years. S.F. 577, § 43 (now codified at Iowa Code section 628.26A (1987)). Furthermore, the act provided that a lienholder of record may redeem real property which has been foreclosed by a mortgagee pursuant to the alternative voluntary foreclosure procedure provided in chapter 654. S.F. 577, § 44 (now codified at Iowa Code section 628.29 (1987)).

Viewing Senate File 577 as a whole, it becomes apparent that the amendment to section 524.910(2), creating the prior owner's opportunity to repurchase, is a part of the fabric of the Alternative Nonjudicial Foreclosure Procedure: section 654.18 generally establishes the Alternative Nonjudicial Foreclosure Procedure as it applies to all mortgage lenders and mortgagors; sections 628.26A and 628.29 tailor the redemption rights of debtors and other lienholders to fit this new foreclosure procedure; section 654.19 makes additional voluntary rem-

edies available to the parties to agricultural mortgages; and lastly, section 524.910(2) makes certain portions of the nonjudicial foreclosure procedure mandatory on state banks relative to agricultural real estate. *See* Bauer, *Judicial Foreclosure and Statutory Redemption: The Soundness of Iowa's Traditional Preference for Protection over Credit,* 71 Iowa L.Rev. 1, 51–54 (1985).

In light of the context in which the opportunity to repurchase was created, we conclude the opportunity to repurchase is much more an incident of voluntary foreclosure than that of banking regulation. Thus, the indications are strong that the legislature intended that a private party could petition the district court to enforce this opportunity.

B. *Opportunity to repurchase as a personal right of action.* Alternatively, plaintiffs argue that the opportunity to repurchase is personal to John and Beth and nonassignable. Plaintiffs contend that had the legislature intended to create an assignable interest it would have specifically so provided.

■■■ By requiring the state bank to first offer the prior owner the opportunity to repurchase the agricultural land before selling it to a third party, section 524.910(2) grants the prior owner a preemption with respect to the bank's disposition of the land. *See Trecker v. Langel,* 298 N.W.2d 289, 290–91 (Iowa 1980); *see also* 77 Am. Jur.2d *Vendor and Purchaser* § 49 at 233–34 (1975). A preemption ripens into an option when the owner has elected to sell. *Myers v. Lovetinsky,* 189 N.W.2d 571, 576 (Iowa 1971) (stating that a tenant's preferential right to purchase was a species of option); 77 Am.Jur.2d *Vendor and Purchaser* § 49 at 234. Generally, absent specific restriction to the contrary, options may be assigned by the option holder. *Dahl v. Zabriskie,* 249 Iowa 584, 586, 88 N.W.2d 66, 67 (1958). Section 524.910(2) does not explicitly prohibit assignment of the opportunity to repurchase. Therefore, the lack of legislative direction on the assignment issue does not indicate that the opportunity may not be assigned. Rather,

given the nature of the opportunity to re-purchase as a species of option, the legislative silence on the issue supports the conclusion that the opportunity may be lawfully assigned by the prior owner.

Additionally, as our discussion above indicated, the opportunity to repurchase embodied in section 524.910(2) is one facet of a separate nonjudicial foreclosure procedure. The prior owner's opportunity to repurchase under the nonjudicial foreclosure procedure is analogous to the debtor's redemption rights in the judicial foreclosure setting. *See* Iowa Code § 628.3 (1987). In that context, the debtor's redemption rights may be assigned to a third party, Iowa Code § 628.25 (1987), and the debtor's assignee is entitled to the "same quantity and quality of rights as the debtor, which would include the 'exclusive' right to redeem within three months of the sheriff's sale." *Farmers Prod. Credit Ass'n v. McFarland*, 374 N.W.2d 654, 656 (Iowa 1985).

In light of this clear relationship to redemption under our standard foreclosure procedures, and the nature of the opportunity to repurchase as a preemption, we are persuaded that the prior owner's opportunity to repurchase under the alternative foreclosure procedure may be effectively assigned to a third person.

IV. *Disposition.* We conclude that Iowa Code section 524.910(2) creates an assignable opportunity to repurchase in the prior owner of agricultural land which has been deeded to a state bank in lieu of foreclosure. Therefore, First Interstate lawfully sold the Banwell farm to Margaret as John and Beth's assignee. The judgment of the district court is affirmed.

AFFIRMED.