## CITIZENS STATE BANK OF DES MOINES, Iowa, Appellee,

v.

## Jerry F. HANSEN and Hansen–Friedrichsen, Inc., Appellants,

## HANSEN–FRIEDRICHSEN, INC., Appellant,

v.

## CITIZENS STATE BANK OF DONNELLSON, et al., Appellees.

### No. 88–1517.

Supreme Court of Iowa.

Dec. 20, 1989.

Rehearing Denied Jan. 22, 1990.

James B. Smith of Shirley, Smith, Shirley & Powell, Perry, and Thomas S. Reavely of Rogers, Reavely, Shinkle & Reimer, Des Moines, for appellants.

David L. Charles and W. Scott Simmer of Gamble, Riepe, Webster, Davis & Green, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

NEUMAN, Justice.

This is an appeal from the district court's refusal to quash the "sale" of a suit for specific performance. We reverse.

The facts in this consolidated appeal are not disputed. Both suits concern a 340–acre parcel of Dallas County farmland formerly owned by appellant Hansen–Friedrichsen, Inc. The land served as partial security for over $2 million in promissory notes executed by Hansen–Friedrichsen and its guarantor, appellant Jerry F. Hansen, in favor of appellee Citizens State Bank of Des Moines.[1]

Upon default by the appellants, the bank brought separate suits to foreclose its mortgages and collect on the notes. Hansen–Friedrichsen deeded the property to the bank in lieu of foreclosure and eventually agreed to the entry of a $380,000 judgment representing its share of the remaining debt. For purposes of this appeal, we shall refer to this action on the notes, and the judgment rendered thereunder, as "suit I."

In May 1988, the bank sold the Dallas County property in accordance with its obligation as a state bank to sell real property conveyed to it in satisfaction of debts within five years after title vests. *See* Iowa

---

1. It appears from the record that the Citizens State Bank of Des Moines is the successor in interest to Citizens State Bank of Donnellson.

Code § 524.910(2) (1987). Hansen–Friedrichsen then brought suit in equity to set aside the sale on the ground that the bank had failed to comply with its obligation to "first offer the prior owner the opportunity to repurchase the agricultural land on the terms the state bank proposes to sell or dispose of the agricultural land." *See* Iowa Code § 524.910(2). We shall call this action for specific performance "suit II."

The controversy before us stems from the bank's proverbial attempt to "kill two birds with one stone." As the judgment creditor in suit I, and the defendant in suit II, the bank directed the sheriff to levy on "[a]ny and all right, claim, thing in action or cause of action which Hansen–Friedrichsen, Inc. or their successors or assigns have against the Citizens State Bank ... as stated and pleaded in the action now pending before the district court of Iowa in and for Dallas County...." *See* Iowa Code § 626.21 (authorizing the satisfaction of judgments by levy and sale of "things in action"). Two Dallas County attorneys were appointed to appraise the Hansen–Friedrichsen lawsuit for purpose of sale. *See* Iowa Code § 626.93. A sheriff's sale was scheduled for October 11, 1988.

Hansen–Friedrichsen responded by moving to quash the levy and proposed sale.[2] The district court denied the motion and Hansen–Friedrichsen's suit was purchased by the bank for the appraised value of $4000. It is from the court's ruling on the motion to quash that Hansen–Friedrichsen has appealed.

The issue is whether Iowa's execution statute, section 626.21, may be used by a judgment creditor to effectively defeat the enforcement of a debtor's statutory right of first refusal under Iowa Code section 524.910(2). Recently, we interpreted section 524.910(2) as granting the prior owner "a preemption with respect to the bank's disposition of the land." *Black v. First Interstate Bank*, 439 N.W.2d 647, 650 (Iowa 1989). Hansen–Friedrichsen contends that the remedial legislative purpose advanced by such a statute would be completely thwarted by the unrestricted application of section 626.21. The bank, on the other hand, asserts that section 626.21 makes no exception for "choses in action" like the suit before us. To construe the execution statute so narrowly, the bank argues, would effectively grant debtors like Hansen–Friedrichsen an additional "exemption" from the bank's judgment lien that is neither expressed nor implied in section 524.910(2).

The bank's argument finds considerable support in *Brenton Brothers v. Dorr*, 213 Iowa 725, 239 N.W. 808 (1931). In *Brenton*, a judgment creditor in one suit sought to levy upon the debtor's counterclaim against the same creditor in another suit. Two fundamental issues were addressed: Can a claim for an alleged breach of contract be reached by levy under execution and, if so, does it make any difference that the unliquidated claim is an indebtedness due from the party making the levy? *Id.* at 730–37, 239 N.W. at 810–813.

In answer to the first question, this court held in *Brenton* that a claim for breach of contract was a "thing in action," that is, "a right to receive or recover a debt or money or damages or for a tort connected with contract but which cannot be enforced without action." *Id.* at 732–33, 239 N.W. at 811 (quoting *Sellers v. Arie*, 99 Iowa 515, 68 N.W. 814 [1896] ). "Things in action," though not subject to levy at common law, could be reached by execution under section 11672 of the 1924 Code, the predecessor to section 626.21. *Brenton*, 213 Iowa at 732, 239 N.W. at 813; *accord Steffens v. American Standard Ins. Co. of Wis.*, 181 N.W.2d 174, 176 (Iowa 1970).

As for the question whether a creditor should be permitted to levy upon that which the creditor itself owes to the judgment debtor, this court answered with a quote from the Washington Supreme Court:

But why not? It is property, it is capable of being transferred. It is capable of being converted into a judgment which is subject to execution. It is an asset of

2. The motion to quash was filed in the action in which the judgment originated (suit I) and in

the suit to enforce the right of repurchase (suit II); hence, the consolidated appeal.

the judgment debtor, and why should not his assets, whatever their nature, be taken to satisfy a judgment? We cannot see any logical reason why such property should not be levied on.

*Brenton,* 213 Iowa at 736, 239 N.W. at 813 (quoting *Johnson v. Dahlquist,* 130 Wash. 29, 225 P. 817 [1924]).

Without departing from the rationale of *Brenton,* we must highlight a factor that readily distinguishes it from the case before us: the nature of the cause of action sought to be levied upon. *Brenton* involved a claim for unpaid rent countered by a claim for breach of contract. The creditor's levy upon the latter claim could be reasonably viewed as no more than a means of offsetting a debt due. By contrast, Hansen–Friedrichsen's claim against the bank is not for money damages but for specific performance. It seeks to enforce its opportunity under section 524.910(2) to purchase farm property previously owned and to set aside the bank's allegedly unlawful conveyance of the property to a third party. We think the distinction between the two cases is significant in the degree of injustice that would be visited upon debtors like Hansen–Fredrichsen were section 626.-21 applied without exception.

In *Black v. First Interstate Bank,* 439 N.W.2d at 651, we stated that "[t]he prior owner's opportunity to repurchase under the nonjudicial foreclosure procedure is analogous to the debtor's redemption rights in the judicial foreclosure setting." We held that such an opportunity to repurchase, like a redemption right, may be assigned. *Id.* Applying this analogy to the case before us, we note the general rule that a debtor's statutory right to redeem is not subject to a levy of execution. 30 Am.Jur.2d *Executions* § 172 at 541. The reason is that such a practice, if permitted, would "defeat the whole policy of the law allowing redemptions." *Id.* In a similar vein, we have consistently reserved to the debtor the privilege of possession during redemption, to the exclusion of the creditor, whose execution "is not permitted to reach it." *Sayre v. Vander Voort,* 200 Iowa 990, 996, 205 N.W. 760, 762 (1925); *accord Community State Bank v. Cottington,* 444 N.W.2d 484, 486 (Iowa 1989); *Federal Land Bank of Omaha v. Heeren,* 398 N.W.2d 839, 844 (Iowa 1987).

We think the protection from levy and execution accorded mortgagors in the redemption context is, by analogy, fully applicable to the prior owner's statutory privilege to repurchase under section 524.910(2). In both situations, the right sought to be levied upon could be characterized as a "chose in action," ordinarily subject to execution under section 626.21. But because the very purpose for which the privilege has been granted would be defeated by permitting execution upon it, the applicability of section 626.21 must be limited. *See City of Mason City v. PERB,* 316 N.W.2d 851, 854 (Iowa 1982) (court obliged to interpret statute in way that will implement, rather than defeat, its purpose).

We recognize that in the present case the bank's execution issued, not on the section 524.910(2) privilege itself, but on a suit brought to enforce that privilege. However, we find the distinction insignificant. Recognizing such a distinction would be tantamount to permitting a mortgagee to violate the farmer's rights and then, in an expedient legal maneuver, eliminate the farmer's right to redress the violation in court.

In summary, we conclude that the levy and execution provisions of section 626.21 may not be used to defeat an action brought to enforce the opportunity to repurchase embodied in section 524.910(2). The bank's attempt to do so should have been quashed by the court upon motion by the appellant. Accordingly, we reverse the district court and remand this case for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.