CHRYSLER CREDIT CORP., Appellee,

v.

Doris ROSENBERGER, Appellant,

and

Roseway Inc. and David C. Rosenberger, Double D, Inc. and Double D Leasing, Inc., Defendants.

No. 92–1734.

Supreme Court of Iowa.

Feb. 23, 1994.

George T. Qualley, Sioux City, for appellant.

Mark D. Sherinian of Hanson, Bjork & Russell, Des Moines, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

Doris Rosenberger, judgment debtor in an action filed by Chrysler Credit Corporation, has appealed from an order denying her motion to stay execution on the judgment under which Chrysler sought to levy on Rosenberger's separate cause of action, against Chrysler, in federal court. We affirm.

Roseway, Inc., a corporation owned solely by David and Doris Rosenberger, leased trucks and trailers from Chrysler Credit Corporation. The Rosenbergers personally guaranteed the leases. In June 1989, Rose-

way, Inc. filed bankruptcy. In October 1989, Chrysler obtained a substantial judgment against the Rosenbergers, on their guarantee, in the Polk County District Court.

In January 1990, David Rosenberger was placed in involuntary bankruptcy. In April 1990, the Rosenbergers filed a suit in federal district court against Chrysler and eleven other defendants, alleging fraud, breach of contract, and violations of the federal racketeering act. David Rosenberger's trustee in bankruptcy apparently sold his interest in the suit, and he is no longer involved.

As the matter now stands, Chrysler has a $718,000 judgment against Doris in Polk County District Court (this case) and Doris has a claim for $10,000,000 against Chrysler and the other defendants pending in federal court. Chrysler is attempting to levy on Doris's federal claim against Chrysler and the others, and the question is whether it may legally do so.

At common law one could not levy on a cause of action, but this has been changed by statute. Iowa Code section 626.21 (1991) provides:

> Judgments, money, bank bills, and other things in action may be levied upon, and sold or appropriated thereunder, and an assignment thereof by the officer shall have the same effect as if made by the defendant.

We have held that a cause of action is one of the "other things in action" that may be reached under section 626.21. *Arbie Mineral Feed v. Farm Bureau Mut. Ins. Co.*, 462 N.W.2d 677, 680 (Iowa 1990); *Citizens State Bank v. Hansen*, 449 N.W.2d 388, 389 (Iowa 1989).

While this defendant does not challenge the right in general of a judgment creditor to levy on a cause of action, she argues that applying the law in her case is unconstitutional because it would deny her access to the courts and deprive her of property without due process. In addition, she claims it was an abuse of the court's discretion to deny the stay.

Iowa Code section 626.58 provides that a stay of execution on a money judgment "may" be granted under certain cir-

cumstances. The parties agree that the granting of a stay lies in the discretion of the district court. *See Brenton Bros. v. Dorr,* 213 Iowa 725, 729, 239 N.W. 808, 810 (1924). We have said that a decision on the granting of a stay will not be disturbed unless the discretion "is capriciously exercised or abused." *Id.* An applicant for stay must show

> why judgment should not be enforced against him at the present time because of an independent proceedings and to proceed with the execution would impair his equities or render the independent proceedings ineffective, or otherwise prejudice him, [and] the court may grant a reasonable stay of execution and afford him an opportunity to establish his claim and to escape the inequitable use of the writ.

*Brenton Bros.,* 213 Iowa at 729, 239 N.W. at 810.

The defendant argues that she meets this test because allowing Chrysler to execute on her federal claim would render those proceedings ineffective; if Chrysler is substituted as the plaintiff in that case, it will simply dismiss it. Chrysler does not dispute that its intent is to dismiss the case if the stay is denied.

Chrysler contends that, if the stay is granted, its rights will be prejudiced because it now has offers from some of the other defendants to contribute to the claim. But, if the matter is allowed to proceed to trial, and a defense verdict is rendered, the federal claim would be valueless. Chrysler would be left without any remedy to collect its state court judgment. In addition, Chrysler argues that in a $10,000,000 lawsuit the costs would be considerable, and the plaintiff may not be able to prosecute it successfully.

Further, as Chrysler points out, this defendant will still receive something from her federal suit because Chrysler will have to give her credit on the judgment against her. *See* Iowa Code § 626.93 (appraisal of cause of action required; certain percentages required to be paid based on valuation). According to the appraisals of the parties, the federal claim is worth between $425,000 and $450,000.

 We conclude that the district court did not abuse its discretion in denying the stay. As to the defendant's claim that the statute would be unconstitutionally applied if the stay were denied, this issue was not raised in the initial application for the stay and has therefore been waived.

**AFFIRMED.**